UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD SCHULER<br>2191 Pond View Court<br>Reston, VA 20191<br><br>      Plaintiff,<br><br>On Behalf of Himself and Other Similarly<br>Situated older employees<br><br>  v.<br><br>PRICEWATERHOUSECOOPERS LLP<br>1301 K St., NW<br>Suite 800<br>Washington, D.C. 20005<br><br>      Defendant. | Case No. 1:05CV02355 (RJL/DAR) |

## ANSWER

Defendant PricewaterhouseCoopers LLP ("PwC"), by its attorneys, Winston & Strawn LLP, answers the Complaint herein as follows:

1. Denies the allegations contained in paragraph 1, except admits that plaintiff purports to maintain this action under the Age Discrimination in Employment Act ("ADEA") and the District of Columbia Human Rights Act ("DCHRA").

2. Denies the allegations contained in paragraph 2, except admits that this case is related to Civil Action No. 02-00982 (RJL/DAR), which is currently pending in this Court, that

venue is appropriate in this District because plaintiff is employed at PwC's offices in this District, and the alleged unlawful discriminatory practice occurred in this District.

3. Denies the allegations contained in paragraph 3, except admits that plaintiff was born on October 21, 1944, and has been employed by PwC since July 1, 1998.

4. Denies the allegations contained in paragraph 4, except admits that PwC was formed by the merger of Price Waterhouse LLP ("PW") and Coopers & Lybrand L.L.P. on July 1, 1998, and maintains an office in Washington, D.C., where plaintiff and others are employed.

5. States that the allegations contained in paragraph 5 constitute conclusions of law as to which no response is required.

6. Denies the allegations contained in paragraph 6, except admits that PwC is a partnership formed by its Partners and Principals Agreement ("Partnership Agreement"), and is registered under the Delaware Revised Uniform Partnership Act, DEL. CODE ANN. tit. 6, § 15-101 et seq.

7. Denies the allegations contained in paragraph 7, except admits that it is among the largest public accounting firms in the United States.

8. Denies the allegations contained in paragraph 8, except admits that PwC has partners and principals, as set forth in the Partnership Agreement, to which the Court is respectfully referred for its content.

9. Denies the allegations contained in paragraph 9, except admits that PwC has a Board of Partners and Principals, as set forth in the Partnership Agreement, to which the Court is respectfully referred for its content.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12, except admits that it deems the income of its partners and retired partners to be confidential and personal.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14, except admits that PwC from time to time admits as partners and principals persons not previously employed by the firm.

15. Denies the allegations contained in paragraph 15, except admits that, with respect to a particular employee, PwC's partner admissions process is typically initiated, if at all, by a recommendation and proposal of a partner in that employee's practice group.

16. Denies the allegations contained in paragraph 16, except admits that PwC has an annual partner admissions cycle culminating in the admission of new partners effective July 1 of each year, the beginning of PwC's fiscal year.

17. Denies the allegations contained in paragraph 17, except admits that PwC has a Partnership Agreement to which the Court is respectfully referred for its content.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20, except admits that no person age 59 or older was admitted as a partner during the period July 1, 1998 through September 15, 2003.

21. Denies the allegations contained in paragraph 21, except admits that a person born on August 11, 1951 joined PwC as an employee on March 24, 2003 and was admitted as a partner on May 1, 2003.

22. Denies the allegations contained in paragraph 22, and avers that the admission of new partners effective July 1, 2004 was announced to all employees, including Schuler on June 4, 2004. (Copies of announcements e-mailed to employees are annexed hereto as Exhibit A.)

23. Denies the allegations contained in paragraph 23.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained paragraph 24.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, except avers that plaintiff was unemployed for several months after his one-year employment contract with the Institute for International Finance at an annual salary of $82,600 was not renewed in 1986.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, except avers that, following a period of unemployment, plaintiff accepted a position with the Farm Credit Administration at a reduced annual salary of $70,700 before his hire by PW in 1988 at an annual base salary of $120,000.

27. Denies the allegations contained in paragraph 27, except admits that Bob Bench joined PW as a partner in 1987, and further admits that Bench addressed a memorandum, dated August 5, 1988, to Tom Macy, and respectfully refers the Court to that memorandum for its content.

28. Denies the allegations contained in paragraph 28, except admits that plaintiff commenced employment with PW as a senior manager on or about October 1, 1988, and respectfully refers the Court to the September 3, 1988 letter for its content.

29. Denies the allegations contained in paragraph 29, except admits that plaintiff has been employed at all relevant times in Washington, D.C., by PW and PwC, respectively, without interruption since on or about October 1, 1988, in the Regulatory Advisory Services practice.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37, and avers that PwC did not have a position of Managing Director until October 2004.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39, except admits that plaintiff has not been admitted as a partner in PwC.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44, except admits that Schuler filed a discrimination charge with the New York District Office of the United States Equal Employment Opportunity Commission ("EEOC") on or about February 23, 2005, annexes hereto

as Exhibit B a copy of that charge, to which the Court is respectfully referred for its content, together with a transmittal letter from Schuler's counsel dated February 22, 2005 and a declaration of Schuler in support of his charge, and avers that no charge or complaint was filed by or on behalf of Schuler with the District of Columbia Office of Human Rights ("DCOHR").

45. Denies the allegations contained in paragraph 45, except admits that the EEOC designated plaintiff's February 23, 2005 discrimination charge as Charge No. 160-2005-01264, and avers that, on or about April 28, 2005, the EEOC mailed to Schuler's counsel a Dismissal and Notice of Rights, a copy of which is annexed hereto as Exhibit C.

46. In response to paragraph 46, repeats and realleges paragraphs 1 through 45 hereof.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. In response to paragraph 54, repeats and realleges paragraphs 1 through 53 hereof.

55. Denies the allegations of paragraph 55, and avers that Schuler's charge was never filed with the DCOHR.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

## FIRST AFFIRMATIVE DEFENSE

59.     The Court lacks jurisdiction over the subject matter of this action.

## SECOND AFFIRMATIVE DEFENSE

60.     The Complaint, in whole or in part, fails to state a claim upon which relief can or may be granted.

## THIRD AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or administrative filing periods.

## FOURTH AFFIRMATIVE DEFENSE

62.     Plaintiff has not satisfied the administrative prerequisites to a civil action under the ADEA.

## FIFTH AFFIRMATIVE DEFENSE

63.     Plaintiff has not been aggrieved by an adverse employment action.

## SIXTH AFFIRMATIVE DEFENSE

64.     To the extent plaintiff claims that any employment practices of defendant had or have a disparate impact on older employees, such practices are based on reasonable factors other than age.

## SEVENTH AFFIRMATIVE DEFENSE

65.     The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of res judicata, waiver and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

66.  The Complaint fails to allege claims or facts warranting an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

67.  Although Defendant has not committed any act that was in violation of the ADEA, should it be determined that any violation occurred, it was not willful.

WHEREFORE, defendant demands judgment dismissing the Complaint, with prejudice and on the merits, together with its costs and attorneys' fees incurred in this action, along with such other and further relief as the Court may deem just and proper.

Dated: February 17, 2006

WINSTON & STRAWN LLP

/s/ Eric M. Nelson
Eric M. Nelson, Esq. (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York  10166
(212) 294-6700
Facsimile (212) 294-4700

Thomas M. Buchanan, Esq. (#33709)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20036
(202) 282-5000
Facsimile (202) 282-5100

Counsel for Defendant
PricewaterhouseCoopers LLP