02/22/2005 17:34 FAX 2023310966          ROSE & ROSE                              ☒001

# ROSE & ROSE

1320 19th St., N.W.
Suite 601
Washington, D.C. 20036-1655
Fax (202) 331-0996

David L. Rose
(202) 331-8555

David M. Wachtel
(202) 331-8557

Joshua N. Rose
(202) 331-8556

Linda Y. Sroufe
(202) 331-0363

## TELECOPIER TRANSMISSION COVER SHEET

DATE:       Feb. 22, 2005

TO:         Eric M. Nelson

VIA TELECOPIER   (212) 294-4700

Re:         Schuler v. PricewaterhouseCoopers, et al.

FROM:       Dave Rose

MESSAGE:    The attached documents relating to Harold Schuler's charge of age discrimination are forwarded for your information.

CLIENT #:   DATE SENT: February 22, 2005   SENT BY:   Mjr

This fax includes 8 pages, not including this one. The original will follow by mail.

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*David M. Wachtel*
*davew@roselawyers.com*
*(202) 331-8557*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

February 22, 2005

**VIA FAX AND FIRST CLASS MAIL**
Eric M. Nelson
WINSTON & STRAWN
200 Park Avenue
New York, New York 10166

Re:   Schuler v. PricewaterhouseCoopers

Dear Mr. Nelson:

I've enclosed here for your information a copy of the charge and declaration of Mr. Schuler we are sending by overnight courier to the district office of EEOC in New York City, together with a copy of our letter to them.

Sincerely,

David L. Rose
Attorney for Harold D. Schuler

Enclosures

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

David L. Rose
daver@roselawyers.com
(202) 331-8555

Joshua N. Rose
josh@roselawyers.com
(202) 331-8556

David M. Wachtel
davew@roselawyers.com
(202) 331-8557

Terri N. Marcus
tmarcus@roselawyers.com
(202) 331-0363

February 22, 2005

By Federal Express
U.S. EEOC District Office
33 Whitehall St., 5th Floor
New York, N.Y. 10004

Re: Class Action Charge of Age Discrimination by Harold D. Schuler v. PricewaterhouseCoopers, LLP

Dear Sirs:

I've enclosed for filing an original and one copy of a class action charge of age discrimination by my client Harold D. Schuler against PricewaterhouseCoopers, LLP, whose headquarters are in New York City. I've also attached a five-page declaration of Mr. Shuler in support of his charge and request that it be filed and served with the charge itself. Please let me have the number of the charge and the date you received it as soon as possible. Please also advise me when you notify the respondent of the charge and notify me of the name and address of the investigator assigned to it.

Thank you for your cooperation.

Sincerely,

David L. Rose
Attorney for Harold D. Schuler

Enclosures

cc:   Eric M. Nelson, Esq. (by fax and first class mail)

# CHARGE OF DISCRIMINATION

AGENCY
Enter Charge NUMBER

This form is affected by the Privacy act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
x EEOC

New York City (NY) Commission Human Rights, and New York State Div. of Human Rights,                           and EEOC

[State or local Agency, if any]

| NAME (Indicate Mr., Ms., Mrs.) Mr. Harold Schuler | HOME TELEPHONE (include Area Code) (703) 476-6476 |
|---|---|

| STREET ADDRESS 2191 Pond View Court | CITY, STATE AND ZIP CODE Reston, Virginia 20191 | DATE OF BIRTH October 21, 1944 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME of Employer PricewaterhouseCoopers, LLP | NUMBER OF EMPLOYEES, MEMBERS more than 23,000 | TELEPHONE (including Area Code) 646 471-4000 |
|---|---|---|
| STREET ADDRESS 1301 Avenue of the Americas | CITY, STATE AND ZIP CODE New York, New York 10019 | COUNTY New York |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

DISCRIMINATION TOOK PLACE
EARLIEST   1999
LATEST     July 1, 2004 or later
X CONTINUING ACTION
From 1999 through July 1, 2004
And continuing

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION
☐ NATIONAL ORIGIN  ☐ RETALIATION   X AGE
☐ DISABILITY   ☐ OTHER (Specify)

THE PARTICULARS ARE   (If additional space is needed, attach extra sheet(s))

The Employer, PwC has followed and continues to follow age discriminatory practices for promotion to partnership that favor employees younger than 40 years old and harm me and other older employees. PwC refuses to promote employees close to or above the age of 60 to partnership, and excludes from consideration long term professional employees who are 45 or more years of age. PwC has promoted more than 1,500 of its professional employees to partnership on and after July 1, 1998 through at least July 1, 2004, and not one (0) of those promoted was over the age of 60 when promoted. Respondents promote few if any employees over the of 45 to partnership.

I file this charge as a Class Action Charge on behalf of myself and the class of professional employees of PwC of age 45 years and older. I have set forth my allegations in more detail in the 8 page Declaration which is attached to and made a part of this Class Action Charge of age discrimination.

I want this Class Action Charge filed with both the EEOC and the State and local Agency, if any. I will advise the agencies if I change my address or telephone number and will cooperate fully with them in the processing of my charge in accordance with their procedures.

I affirm that I have read the above Class Action Charge, and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true

*Harold Schuler*

Charging Party (Signature)
Harold Schuler

NOTARY - (When necessary for State and Local Requirements)

SUBSCRIBED AND SWORN TO BEFORE ME
DATE (Day, month, and year)

02/22/2005 17:35 FAX 2023310966            ROSE & ROSE                              ☒005

## DECLARATION OF HAROLD SCHULER
## IN SUPPORT OF HIS CHARGE OF DISCRIMINATION

I Harold D. Schuler declare under penalty of perjury that the facts set forth below are true to the best of my knowledge and belief.

1. I reside at 2191 Pond View Court, Reston, VA 20191.

2. The headquarters of Respondent PricewaterhouseCoopers, LLP ("PwC") is located at 1301 Avenue of the Americas, New York, New York 10019.

3. I have been employed by PwC and its predecessors Price Waterhouse, LLP and Price Waterhouse since October 1988.

4. I was born on October 21, 1944 and am now 60 years of age.

5. Respondent PwC has on the basis of age denied me and its other older professional employees opportunities for promotion to partnership rooted in policies and procedures adopted and maintained by Respondent's Senior Partner and Chief Executive Officer Dennis Nally and the 14 other members of its Board of Partners and Principals that so discriminate:

    a. The partnership agreement of Respondent requires a "partner" or "principal" to retire at age 60, absent prior approval by the Board of Partners and Principals of Respondent, which is rarely granted.

    b. One consequence of the policy and practice of Respondent pursuant to that agreement is that Respondent does not promote any professional employee 60 years old or older to partnership, and as a practical matter does not promote any long term professional employee above the age of 50 to partnership, and rarely promotes employees age 45 or older to partnership.

-1-

c. I am qualified for promotion to partner. In 1969 I joined the staff of the Office of the Comptroller of the Currency in Minneapolis as an assistant national bank examiner. I was transferred to Washington, D.C. in 1972 to supervise the OCC's examinations of international divisions and overseas offices of national banks. I was commissioned in 1973 as a national bank examiner. In 1979 I was transferred to London, England for three years, where I supervised the OCC office responsible for examining national bank branches and subsidiaries in London and elsewhere in Europe. While in OCC's Washington, D.C. office, I created a methodology still used today for measuring the cross-border exposure of U.S. banks.

In 1985 I joined the Institute for International Finance, an organization started by the major banks to serve as a centralized source of credit information about developing countries.

In 1986 I joined the Farm Credit Administration and helped to design the rescue package for a failing farm credit system.

I joined Respondent's Regulatory Advisory Services staff in 1988 as its first professional employee. I have successfully managed and assisted with a variety of projects. When the records of the central bank of Nicaragua disagreed with those of the country's creditor banks, I headed a complex and successful engagement to reconcile the differences. I temporarily filled the position of treasurer for a regional bank which lost its treasurer. I worked on a successful multi-year assignment in the mid-1990s for the Peoples Bank of China, that country's central bank. I generated and managed projects earning an average of $1 million per year over my 16 years with PwC, and have continued to generate revenue at this pace during the past five years. In addition, I have contributed thousands of chargeable hours to other projects.

The growth and success of the Regulatory Advisory Services group in Washington is due in large part to my services and those of the two or three other professionals hired shortly after I was. Yet none of us has been promoted to partner.

d. I hold the position of Managing Director, and have held that position since 1994. That title was discontinued shortly after the merger creating PwC, and I was reappointed to that position in October 2004. That is the highest position held by professional employees of Respondent who are recognized as employees. My qualifications and work performance are better than those of younger employees who have been promoted to partnership including those employees who were promoted on or about July 1, 2004, and on or about July 1, 2003, or in prior years. I have won and managed projects bringing to PwC more than $16,000,000 in my career with PwC.

6. The Respondent's age discriminatory practices against me and other older professional employees in promotion to partnership have continued to this date, although Respondent made its most recent batch of promotions of professional employees to partnership on or about July 1, 2004.

7. In October 2004 the Respondent promoted over 200 professional employees to the position of Managing Director. On information and belief, all or the great majority of those employees were over the age of 40 when promoted, and are older than the great majority of employees that PwC has promoted to partnership. The Respondent PwC pays substantially less money and benefits to me and other managing directors than to those persons who have the title of "partner" or "principal."

8. Respondents Nally and other members of the Board of Partners and Principals of PwC have continued to implement the age based policies although they had full knowledge of the likelihood that such policies are in violation of federal, state and local equal employment opportunity laws. That Board decides each year which employees shall be promoted to partnership. Respondents Nally and other members of the Board continue to implement the unlawful policy of PwC by selecting employees for partnership based upon age rather than on abilities and skills, and by excluding me and other long term older professional employees over the age of 45 from consideration for each promotion in whole or in substantial part because of our age.

9. I make these allegations on my own behalf and on behalf of the class of professional employees of Respondent PwC over the age of 45. Unless this administrative claim is settled by agreement, I plan to enforce my rights and the rights of other members of the class of professional employees over the age of 45 who have been harmed by the same discriminatory age based promotion policy of Respondents under the Federal Age Discrimination in Employment Act and under the Human Rights Law of New York, and the Human Rights Law of New York City, and the Human Rights Act of the District of Columbia, by filing a lawsuit in an appropriate forum.

I charge the Respondents with unlawful discriminatory practices against me and other older professional employees on the basis of age in violation of the laws of United States and in violation of the laws of New York and the District of Columbia set forth above. I charge that those practices have continued to this date and that they are likely to continue in the absence of an appropriate lawsuit.

I have commenced no civil, criminal or other administrative actions based on the above allegations concerning promotions made by PwC subsequent to July 1, 2003. I have filed similar charges involving similar discriminatory conduct by PwC on July 1, 2003 and earlier years in the case of <u>Murphy and Schuler v. Pricewaterhouse Coopers, LLP</u>, Civ. Action 02-982 (RJL), and in the prior administrative proceedings under the District of Columbia Human Rights Act.

This complaint should be CROSS FILED WITH THE HUMAN RIGHTS AGENCIES OF NEW YORK CITY, THE STATE OF NEW YORK, AND WASHINGTON, D. C..

_____
COMPLAINANT

Done this ____ day of February 2005.