UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD SCHULER<br>2191 Pond View Court<br>Reston, VA 20191<br><br>Plaintiff,<br><br>On Behalf of Himself and Other Similarly<br>Situated older employees<br><br>v.<br><br><br>PRICEWATERHOUSECOOPERS LLP<br>1301 K St., NW<br>Suite 800<br>Washington, D.C. 20005<br><br>Defendant. | Case No. 1:05CV02355 (RJL/DAR) |

## ANSWER

Defendant PricewaterhouseCoopers LLP ("PwC"), by its attorneys, Winston & Strawn

LLP, answers the Complaint herein as follows:

1.      Denies the allegations contained in paragraph 1, except admits that plaintiff

purports to maintain this action under the Age Discrimination in Employment Act ("ADEA")

and the District of Columbia Human Rights Act ("DCHRA").

2.      Denies the allegations contained in paragraph 2, except admits that this case is

related to Civil Action No. 02-00982 (RJL/DAR), which is currently pending in this Court, that

venue is appropriate in this District because plaintiff is employed at PwC's offices in this District, and the alleged unlawful discriminatory practice occurred in this District.

3.      Denies the allegations contained in paragraph 3, except admits that plaintiff was born on October 21, 1944, and has been employed by PwC since July 1, 1998.

4.      Denies the allegations contained in paragraph 4, except admits that PwC was formed by the merger of Price Waterhouse LLP ("PW") and Coopers & Lybrand L.L.P. on July 1, 1998, and maintains an office in Washington, D.C., where plaintiff and others are employed.

5.      States that the allegations contained in paragraph 5 constitute conclusions of law as to which no response is required.

6.      Denies the allegations contained in paragraph 6, except admits that PwC is a partnership formed by its Partners and Principals Agreement ("Partnership Agreement"), and is registered under the Delaware Revised Uniform Partnership Act, DEL. CODE ANN. tit. 6, § 15-101 et seq.

7.      Denies the allegations contained in paragraph 7, except admits that it is among the largest public accounting firms in the United States.

8.      Denies the allegations contained in paragraph 8, except admits that PwC has partners and principals, as set forth in the Partnership Agreement, to which the Court is respectfully referred for its content.

9.      Denies the allegations contained in paragraph 9, except admits that PwC has a Board of Partners and Principals, as set forth in the Partnership Agreement, to which the Court is respectfully referred for its content.

10.     Denies the allegations contained in paragraph 10.

11.     Denies the allegations contained in paragraph 11.

12.     Denies the allegations contained in paragraph 12, except admits that it deems the income of its partners and retired partners to be confidential and personal.

13.     Denies the allegations contained in paragraph 13.

14.     Denies the allegations contained in paragraph 14, except admits that PwC from time to time admits as partners and principals persons not previously employed by the firm.

15.     Denies the allegations contained in paragraph 15, except admits that, with respect to a particular employee, PwC's partner admissions process is typically initiated, if at all, by a recommendation and proposal of a partner in that employee's practice group.

16.     Denies the allegations contained in paragraph 16, except admits that PwC has an annual partner admissions cycle culminating in the admission of new partners effective July 1 of each year, the beginning of PwC's fiscal year.

17.     Denies the allegations contained in paragraph 17, except admits that PwC has a Partnership Agreement to which the Court is respectfully referred for its content.

18.     Denies the allegations contained in paragraph 18.

19.     Denies the allegations contained in paragraph 19.

20.     Denies the allegations contained in paragraph 20, except admits that no person age 59 or older was admitted as a partner during the period July 1, 1998 through September 15, 2003.

21.     Denies the allegations contained in paragraph 21, except admits that a person born on August 11, 1951 joined PwC as an employee on March 24, 2003 and was admitted as a partner on May 1, 2003.

22.     Denies the allegations contained in paragraph 22, and avers that the admission of new partners effective July 1, 2004 was announced to all employees, including Schuler on June 4, 2004. (Copies of announcements e-mailed to employees are annexed hereto as Exhibit A.)

23.     Denies the allegations contained in paragraph 23.

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained paragraph 24.

25.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, except avers that plaintiff was unemployed for several months after his one-year employment contract with the Institute for International Finance at an annual salary of $82,600 was not renewed in 1986.

26.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, except avers that, following a period of unemployment, plaintiff accepted a position with the Farm Credit Administration at a reduced annual salary of $70,700 before his hire by PW in 1988 at an annual base salary of $120,000.

27.     Denies the allegations contained in paragraph 27, except admits that Bob Bench joined PW as a partner in 1987, and further admits that Bench addressed a memorandum, dated August 5, 1988, to Tom Macy, and respectfully refers the Court to that memorandum for its content.

28.     Denies the allegations contained in paragraph 28, except admits that plaintiff commenced employment with PW as a senior manager on or about October 1, 1988, and respectfully refers the Court to the September 3, 1988 letter for its content.

29.     Denies the allegations contained in paragraph 29, except admits that plaintiff has been employed at all relevant times in Washington, D.C., by PW and PwC, respectively, without interruption since on or about October 1, 1988, in the Regulatory Advisory Services practice.

30.     Denies the allegations contained in paragraph 30.

31.     Denies the allegations contained in paragraph 31.

32.     Denies the allegations contained in paragraph 32.

33.     Denies the allegations contained in paragraph 33.

34.     Denies the allegations contained in paragraph 34.

35.     Denies the allegations contained in paragraph 35.

36.     Denies the allegations contained in paragraph 36.

37.     Denies the allegations contained in paragraph 37, and avers that PwC did not have a position of Managing Director until October 2004.

38.     Denies the allegations contained in paragraph 38.

39.     Denies the allegations contained in paragraph 39, except admits that plaintiff has not been admitted as a partner in PwC.

40.     Denies the allegations contained in paragraph 40.

41.     Denies the allegations contained in paragraph 41.

42.     Denies the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44, except admits that Schuler filed a discrimination charge with the New York District Office of the United States Equal Employment Opportunity Commission ("EEOC") on or about February 23, 2005, annexes hereto

5

as Exhibit B a copy of that charge, to which the Court is respectfully referred for its content, together with a transmittal letter from Schuler's counsel dated February 22, 2005 and a declaration of Schuler in support of his charge, and avers that no charge or complaint was filed by or on behalf of Schuler with the District of Columbia Office of Human Rights ("DCOHR").

    45.    Denies the allegations contained in paragraph 45, except admits that the EEOC designated plaintiff's February 23, 2005 discrimination charge as Charge No. 160-2005-01264, and avers that, on or about April 28, 2005, the EEOC mailed to Schuler's counsel a Dismissal and Notice of Rights, a copy of which is annexed hereto as Exhibit C.

    46.    In response to paragraph 46, repeats and realleges paragraphs 1 through 45 hereof.

    47.    Denies the allegations contained in paragraph 47.

    48.    Denies the allegations contained in paragraph 48.

    49.    Denies the allegations contained in paragraph 49.

    50.    Denies the allegations contained in paragraph 50.

    51.    Denies the allegations contained in paragraph 51.

    52.    Denies the allegations contained in paragraph 52.

    53.    Denies the allegations contained in paragraph 53.

    54.    In response to paragraph 54, repeats and realleges paragraphs 1 through 53 hereof.

    55.    Denies the allegations of paragraph 55, and avers that Schuler's charge was never filed with the DCOHR.

    56.    Denies the allegations contained in paragraph 56.

    57.    Denies the allegations contained in paragraph 57.

    58.    Denies the allegations contained in paragraph 58.

## FIRST AFFIRMATIVE DEFENSE

59.    The Court lacks jurisdiction over the subject matter of this action.

## SECOND AFFIRMATIVE DEFENSE

60.    The Complaint, in whole or in part, fails to state a claim upon which relief can or may be granted.

## THIRD AFFIRMATIVE DEFENSE

61.    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or administrative filing periods.

## FOURTH AFFIRMATIVE DEFENSE

62.    Plaintiff has not satisfied the administrative prerequisites to a civil action under the ADEA.

## FIFTH AFFIRMATIVE DEFENSE

63.    Plaintiff has not been aggrieved by an adverse employment action.

## SIXTH AFFIRMATIVE DEFENSE

64.    To the extent plaintiff claims that any employment practices of defendant had or have a disparate impact on older employees, such practices are based on reasonable factors other than age.

## SEVENTH AFFIRMATIVE DEFENSE

65.    The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of res judicata, waiver and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

66.    The Complaint fails to allege claims or facts warranting an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

67.    Although Defendant has not committed any act that was in violation of the ADEA, should it be determined that any violation occurred, it was not willful.

WHEREFORE, defendant demands judgment dismissing the Complaint, with prejudice and on the merits, together with its costs and attorneys' fees incurred in this action, along with such other and further relief as the Court may deem just and proper.

Dated: February 17, 2006

WINSTON & STRAWN LLP

/s/ Eric M. Nelson
Eric M. Nelson, Esq. (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York  10166
(212) 294-6700
Facsimile (212) 294-4700

Thomas M. Buchanan, Esq. (#33709)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20036
(202) 282-5000
Facsimile (202) 282-5100

Counsel for Defendant
PricewaterhouseCoopers LLP

**Exhibit A**



**Dennis M. Nally**
06/04/2004 11:48 AM

To  PwC US Staff

cc

bcc

Subject  July 1, 2004--New Partner Admissions

Today is our Firm's "new partner announcement day," and I wanted to share this list with you.

**PRICEWATERHOUSECOOPERS**      PARTNER DIALOGUE  •  Announcement / Topic

Topic:      List of New July 1, 2004 Internal Partner Admissions

Category:  Our People      Sub-Category:  Partner Admissions

From:      Dennis Nally

Body:
I am very pleased to announce the admission of 103 new partners to our US Firm.

Each of our new partners possesses the skills, intelligence, and breadth of experience to help move our Firm forward and achieve our strategic goals. Please join me in extending congratulations to each of our new partners. I know you will support them as they embrace their new responsibilities.

List of PwC candidates:

| Name | LOS | Work Office | Product/Service - Industry |
|---|---|---|---|
| Sandra Aresti | Assurance | Washington, DC | Consumer and Industrial Products and Services |
| Steven F. Arluna | Tax | Pittsburgh | State and Local Taxes |
| Lillian M. Borsa* | Assurance | Florham Park | Systems and Process Assurance - Consumer and Industrial Products and Services |
| Christopher J. Brabham | Assurance | Boston | Technology Info/Comm and Entertainment |
| Charles M. Braddock | Assurance | Memphis | Private Company Services |
| Michael L. Brandmeyer | Assurance | Tokyo (Minneapolis) | Technology Info/Comm and Entertainment |
| James F. Brewer | Tax | Los Angeles | Private Company Services |
| Catherine Bromilow | Assurance | Florham Park | Risk & Quality |
| James E. Bucrek* | Advisory | Chicago | Dispute Analysis & Investigations |
| Kevin R. Burney | Assurance | Boston | Systems and Process Assurance - Technology Info/Comm and Entertainment |
| Maria J. Castanon | Assurance | Dallas | Consumer and Industrial Products and Services |
| Philip W. Caster, II | Assurance | St. Louis | Consumer and Industrial Products and Services |
| Gregg T. Cheshier | Assurance | Atlanta | Technology Info/Comm and Entertainment |
| Paul K. Chrencik | Advisory | Washington, DC | Healthcare Consulting Practice |
| Thomas F. Clarke | Tax | Los Angeles | Sales and Business Development |
| Leonard L. Combs | Assurance | Philadelphia | Consumer and Industrial Products and Services |
| Stephen P. Connelly | Assurance | Washington, DC | Financial Services |
| Andrew R. Cristinzio | Assurance | Washington, DC | Transaction Services |
| Scott W. Davis | Assurance | Stamford | Technology Info/Comm and Entertainment |
| Ana M. Denena | Assurance | Houston | Consumer and Industrial Products and Services |
| Patrick G. Durbin | Assurance | Florham Park | Consumer and Industrial Products and Services - Risk & Quality Tour |
| David M. Eberhardt | Assurance | Minneapolis | Consumer and Industrial Products and Services |
| Kenneth D. Esch | Tax | Chicago | Private Company Services |
| Michael J. Feder* | Tax | Washington, DC | Global Tax Structuring - International Tax Services |
| Peter A. Ferraro | Assurance | Sydney (New York) | Transaction Services |
| Daniel J. Finneran | Assurance | Chicago | Consumer and Industrial Products and Services |

| | | | |
|---|---|---|---|
| Frank J. Frabizzio | Assurance | Philadelphia | Private Company Services |
| Suzanne M. Fradette | Assurance | Orange County | Private Company Services |
| Theresa M. Gee* | Tax | Detroit | Human Resource Solutions - Global Human Resource Solutions |
| Edward A. Gold* | Advisory | Washington, DC | Dispute Analysis & Investigations |
| Mark R. F. Gosling* | Assurance | San Jose | Internal Audit Services - Technology Info/Comm and Entertainment |
| Timothy Grady | Assurance | Boston | Financial Services |
| Amy K. Graves | Assurance | Chicago | Consumer and Industrial Products and Services |
| Joseph A. Guistino | Advisory | New York | Dispute Analysis & Investigations |
| David M. Hall | Tax | New York | Global Tax Structuring - Mergers & Acquisitions |
| Margaret M. Hardek | Assurance | Chicago | Internal Audit Services - Consumer and Industrial Products and Services |
| Edward J. Heitin | Assurance | New York | Financial Services |
| Jeffrey B. Hendrey | Assurance | Philadelphia | Consumer and Industrial Products and Services |
| Scott F. Hesse | Tax | Detroit | Global Tax Structuring - International Tax Services |
| M. Todd Hoffman* | IFS | Houston | Global Deployment |
| Bradley K. Hopton | Tax | New York | Industry Services Group |
| Heather L. Horn | Assurance | Orange County | Consumer and Industrial Products and Services |
| David V. Johnson | Assurance | Los Angeles | Technology Info/Comm and Entertainment |
| Marios Karayannis* | Tax | San Jose | Global Tax Structuring - Transfer Pricing |
| Kelly A. Keller | Assurance | Seattle | Technology Info/Comm and Entertainment |
| Kevin J. Kelly | Assurance | Birmingham | Consumer and Industrial Products and Services |
| Samuel D. Kennedy | Assurance | Atlanta | Financial Services |
| Ronald A. Kinghorn* | Assurance | Boston | Systems and Process Assurance - Technology Info/Comm and Entertainment |
| Jeffrey J. Kohler | Tax | St. Louis | Financial Services |
| Robert O. Kraft | Assurance | Rochester | Technology Info/Comm and Entertainment |
| Nick Kresic | Assurance | Detroit | Private Company Services |
| Wei Ku | Assurance | New York | Consumer and Industrial Products and Services |
| Michael W. Lammons | Assurance | Atlanta | Financial Services |
| Jeffrey P. Lavine | Advisory | Washington, DC | Dispute Analysis & Investigations |
| JeAnna P. Lickey | Tax | Dallas | Global Tax Structuring - International Tax Services |
| Robert B. Long | Assurance | Charlotte | Transaction Services |
| Raymond D. Lukas | Assurance | Philadelphia | Internal Audit Services - Consumer and Industrial Products and Services |
| Brian M. Lukasik | Tax | Detroit | Private Company Services |
| Laura E. Martinez | Assurance | San Francisco | Financial Services |
| David H. McMillen | Tax | New York | Industry Services Group |
| Lorilynn L. McSweeney | Assurance | Atlanta | Financial Services |
| Peter P. Michalowski* | Tax | New York | State and Local Taxes |
| Miles D. Mooney | Assurance | St. Louis | Private Company Services |
| Ian T. Nelson | Assurance | Chicago | Financial Services |
| Nabi Niang | Assurance | New York | Financial Services |
| Jonathan P. Orkin | Assurance | Florham Park | Financial Services - Risk & Quality Tour |
| Shawn Panson | Assurance | Florham Park | Technology Info/Comm and Entertainment |
| Diane H. Place | Tax | Philadelphia | Industry Services Group |
| James H. Prettyman | Tax | Washington, DC | Global Tax Structuring - Mergers & Acquisitions |
| Cynthia Price-Arden | Assurance | New York | Financial Services |
| James H. Quinnild* | Advisory | Minneapolis | Technology and Data Services - Consumer and Industrial Products and Services |
| Paul M. Ramos | Assurance | Cleveland | Financial Services |
| Annamaria Rapakko* | Tax | San Jose | Global Tax Structuring - International Tax Services |
| Peter D. Raymond* | Advisory | Washington, DC | Dispute Analysis & Investigations |
| Sean P. Riley | Assurance | Boston | Consumer and Industrial Products and Services |
| James Ruan* | Advisory | New York | Technology and Data Services - Consumer and Industrial Products and Services |
| Pankaj Sahay* | Advisory | Los Angeles | Finance, Operations, Risk and Compliance - Consumer and Industrial Products and Services |

| | | | |
|---|---|---|---|
| Brittney B. Saks | Tax | Chicago | Human Resource Solutions - Personal Financial Services |
| Kurt G. Sands | Assurance | Houston | Consumer and Industrial Products and Services |
| Peter J. Schlicksup | Assurance | Tysons Corner | Private Company Services |
| Kirsten R. Schofield | Assurance | Florham Park | Private Company Services - Risk & Quality Tour |
| J. Fentress Seagroves, Jr.* | Assurance | Atlanta | Transaction Services |
| Kenneth S. Shives | Tax | Charlotte | Financial Services |
| Nigel W. Smith* | Assurance | New York | Transaction Services |
| C. Steven Smith | Tax | Charlotte | Industry Services Group |
| Jeffrey D. Sorensen | Assurance | Stamford | Technology Info/Comm and Entertainment |
| Annette P. Spicker | Assurance | Columbus | Financial Services |
| Benjamin K. Stanga | Tax | Atlanta | Industry Services Group |
| W. Stephen Sullins | Assurance | London (Detroit) | Consumer and Industrial Products and Services |
| James D. Summa | Advisory | New York | Finance, Operations, Risk and Compliance - Financial Services |
| Pierre-Alain Sur | Assurance | Little Rock | Technology Info/Comm and Entertainment |
| Carole A. Symonds | Tax | Boston | Private Company Services |
| Edward V. Tobia, Jr. | Assurance | Philadelphia | Systems and Process Assurance - Consumer and Industrial Products and Services |
| Timothy J. Trifilo | Tax | Washington, DC | Financial Services |
| William A. Udelhofen | Assurance | Minneapolis | Private Company Services |
| Dominic A. Walker | Assurance | Atlanta | Consumer and Industrial Products and Services |
| Reginald J. Walker | Assurance | Minneapolis | Systems and Process Assurance - Consumer and Industrial Products and Services |
| Charles W. Waller | Tax | Stamford | Industry Services Group |
| Timothy R. Weld | Assurance | New York | Consumer and Industrial Products and Services |
| Michele M. Weldon | Assurance | Boston | Financial Services |
| Craig S. Wendl | Assurance | Florham Park | Consumer and Industrial Products and Services - Risk & Quality Tour |
| Christopher Whitley | Assurance | New York | Transaction Services |
| Daniel J. Zwarn* | Assurance | San Jose | Technology Info/Comm and Entertainment |

*Indicates Principal Status



Juan Pujadas/US/ABAS/PwC
06/04/2004 11:36 AM
1 646 471 7782
New York
US

To    Advisory All

cc

bcc

Subject   Fw: New Partners

I am pleased to inform you that the following individuals will be admitted to the partnership in the Advisory Practice.

| | | |
|---|---|---|
| James Quinnild | TDS | Minneapolis |
| James Ruan | TDS | New York |
| Paul Chrencik | HCP/WFP | Washington DC |
| Doug Summa | FORCe | New York |
| Pankaj Sahay | FORCe | Los Angeles |
| Jeff Lavine | FORCe | Washington DC |
| Jim Bucrek | DAI | Chicago |
| Edward Gold | DAI | Washington DC |
| Joseph Guistino | DAI | New York |
| Peter Raymond | DAI/WFP | Washington DC |
| Michelle Wilson | DAI | New York |

Each of these new partners will play an important role in the execution of our Firm and practice strategy . Please join me today in congratulating them on this important milestone in their careers and in celebrating with them this accomplishment . I know you will support them as they move into their new roles and responsibilities .


Regards

Juan



Tim Ryan/US/ABAS/PwC
06/04/2004 08:52 AM

To   Am Banking Group ABAS Designated Partners , Am Banking Group ABAS Partners Other , Am Banking Group ABAS Managers, Am Banking Group ABAS Managers Other , Am

cc

bcc

Subject   New Partners

Please join me in congratulating Steve Connelly, Sam Kennedy, Jeff Lavine, and Nabi Niang on their admission, effective July 1, 2004, to the PwC partnership.

Steve Connelly has served a variety of Banking Practice clients since joining the Boston office in 1992. Steve is currently located in Washington , D.C. where he works on Freddie Mac, the Federal Home Loan Banks, Sallie Mae, and Friedman, Billings and Ramsey . Prior to relocating to D.C., Steve was the lead senior manager on FleetBoston Financial and served a two year tour -of-duty in National R&Q where he worked on the Financial Instruments Team and supported the AcSEC Chairman on standard setting matters. Steve will assume partner responsibilities on the Freddie Mac and Federal Home Loan Bank engagements.

Sam Kennedy graduated from the University of Delaware and has been in the Atlanta office since 2001 after transferring from the Charlotte office . He has been in the Banking Practice since he began with the firm. His most recent clients include SunTrust and Bank of America . Sam has been the lead senior manager on the SunTrust engagement and will assume partner responsibilities this coming year . Sam and his wife, Heather, have two children, Courtney Shae (3 1/2) and Sydney Claire (11 months).

Jeff Lavine joined the Regulatory Advisory Services practice in 1991 as an intern. A CPA and a lawyer, Jeff has advised a wide range of U.S. and foreign banks. He has assisted banks in improving operations , overcoming regulatory duress , and entering new businesses that require regulatory approval . Recently, Jeff has leveraged his project management skills to manage bank internal audit outsourcing engagements, such as our mid-year transition from E&Y at PNC Bank. Jeff and his wife Phyllis live in Washington, D.C. and have two children Matthew (7) and Sophie (5).

Nabi Niang joined the New York Office of PwC in 1996, after having started his professional career with Arthur Andersen in Paris. During his career at PwC, Nabi has worked on the audit of JP Morgan Chase , led several special projects in the area of capital markets , and worked on the US GAAP conversion of several European banks. Since March 2002, Nabi has been on secondment as Director for Financial Services at the World Economic Forum in Geneva , Switzerland, where he is in charge of the relationships with banks, insurance companies, and asset managers that are members of this international organization. Nabi will be relocating with his wife , Fatou, and their two sons, Lucas and Ethan, to New York, where he will be working in the Banking Practice as a partner on JP Morgan Chase and foreign banks. Nabi holds an MBA from the University of Pennsylvania , an MSc in Finance from Paris IX, and a graduate diploma in Finance from the LSE .

This is a significant milestone in the career of these senior managers . The partners and I are extremely proud of them and their accomplishments and happily welcome them as our partners . The Firm will be stronger on July 1 as a result of their admission . Please feel free to extend your congratulations to Steve , Sam, Jeff, and Nabi.

**Exhibit B**

02/22/2005 17:34 FAX 2023310966          ROSE & ROSE                          ☑001

# ROSE & ROSE

1320 19th St., N.W.
Suite 601
Washington, D.C. 20036-1655
Fax (202) 331-0996

David L. Rose
(202) 331-8555

David M. Wachtel
(202) 331-8557

Joshua N. Rose
(202) 331-8556

Linda Y. Sroufe
(202) 331-0363

## TELECOPIER TRANSMISSION COVER SHEET

DATE:        Feb. 22, 2005

TO:          Eric M. Nelson

VIA TELECOPIER   (212) 294-4700

Re:          Schuler v. PricewaterhouseCoopers, et al.

FROM:        Dave Rose

**MESSAGE:**  The attached documents relating to Harold Schuler's charge of age discrimination
are forwarded for your information.

**CLIENT #:  DATE SENT: February 22, 2005  SENT BY:   Mjr**

This fax includes 8 pages, not including this one. The original will follow by mail.

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*David M. Wachtel*
*davew@roselawyers.com*
*(202) 331-8557*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

February 22, 2005

**VIA FAX AND FIRST CLASS MAIL**
Eric M. Nelson
WINSTON & STRAWN
200 Park Avenue
New York, New York 10166

Re:     Schuler v. PricewaterhouseCoopers

Dear Mr. Nelson:

I've enclosed here for your information a copy of the charge and declaration of Mr. Schuler we are sending by overnight courier to the district office of EEOC in New York City, together with a copy of our letter to them.

Sincerely,

David L. Rose
Attorney for Harold D. Schuler

Enclosures

02/22/2005 17:34 FAX 2023310966          ROSE & ROSE                                    ☒003

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*David M. Wachtel*
*davew@roselawyers.com*
*(202) 331-8557*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

February 22, 2005

By Federal Express
U.S. EEOC District Office
33 Whitehall St., 5th Floor
New York, N.Y. 10004

> Re:    Class Action Charge of Age Discrimination by Harold D. Schuler v.
>          PricewaterhouseCoopers, LLP

Dear Sirs:

I've enclosed for filing an original and one copy of a class action charge of age discrimination by my client Harold D. Schuler against PricewaterhouseCoopers, LLP, whose headquarters are in New York City. I've also attached a five-page declaration of Mr. Shuler in support of his charge and request that it be filed and served with the charge itself. Please let me have the number of the charge and the date you received it as soon as possible. Please also advise me when you notify the respondent of the charge and notify me of the name and address of the investigator assigned to it.

Thank you for your cooperation.

Sincerely,

David L. Rose
Attorney for Harold D. Schuler

Enclosures

cc:    Eric M. Nelson, Esq. (by fax and first class mail)

02/22/2005 17:34 FAX 2023310966          ROSE & ROSE                      ☒004

# CHARGE OF DISCRIMINATION

AGENCY
Enter Charge NUMBER

This form is affected by the Privacy act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
x EEOC

**New York City (NY) Commission Human Rights, and New York State Div. of Human Rights,**
and EEOC
[State or local Agency, if any]

| NAME (Indicate Mr., Ms., Mrs.)<br>Mr. Harold Schuler | HOME TELEPHONE<br>(include Area Code)<br>(703) 476-6476 |
|---|---|

| STREET ADDRESS<br>2191 Pond View Court | CITY, STATE AND ZIP CODE<br>Reston, Virginia 20191 | DATE OF BIRTH<br>October 21, 1944 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME of Employer<br>PricewaterhouseCoopers, LLP | NUMBER OF EMPLOYEES, MEMBERS<br>more than 23,000 | TELEPHONE<br>(including Area Code)<br>646 471-4000 |
|---|---|---|

| STREET ADDRESS<br>1301 Avenue of the Americas | CITY, STATE AND ZIP CODE<br>New York, New York 10019 | COUNTY<br>New York |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

DISCRIMINATION TOOK PLACE

EARLIEST 1999
LATEST July 1, 2004 or later
X CONTINUING ACTION

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION
☐ NATIONAL ORIGIN   ☐ RETALIATION   X AGE
☐ DISABILITY   ☐ OTHER (Specify)

From 1999 through July 1, 2004
And continuing

THE PARTICULARS ARE    (If additional space is needed, attach extra sheet(s)

The Employer, PwC has followed and continues to follow age discriminatory practices for promotion to partnership that favor employees younger than 40 years old and harm me and other older employees. PwC refuses to promote employees close to or above the age of 60 to partnership, and excludes from consideration long term professional employees who are 45 or more years of age. PwC has promoted more than 1,500 of its professional employees to partnership on and after July 1, 1998 through at least July 1, 2004, and not one (0) of those promoted was over the age of 60 when promoted. Respondents promote few if any employees over the of 45 to partnership.

I file this charge as a Class Action Charge on behalf of myself and the class of professional /5 // employees of PwC of age 45 years and older. I have set forth my allegations in more detail in the 8 page Declaration which is attached to and made a part of this Class Action Charge of age discrimination.

I want this Class Action Charge filed with both the EEOC and the State and local Agency, if any. I will advise the agencies if I change my address or telephone number and will cooperate fully with them in the processing of my charge in accordance with their procedures.

I affirm that I have read the above Class Action Charge, and that it is true to the best of my knowledge, information and belief.

| SIGNATURE OF COMPLAINANT | |
|---|---|
| I declare under penalty of perjury that the foregoing is true | NOTARY - (When necessary for State and Local Requirements) |
| *Harold Schuler* (signature)<br>Charging Party (Signature)<br>Harold Schuler | SUBSCRIBED AND SWORN TO BEFORE ME<br>DATE (Day, month, and year) |

02/22/2005 17:35 FAX 2023310966          ROSE & ROSE                                    ☒005

## DECLARATION OF HAROLD SCHULER
### IN SUPPORT OF HIS CHARGE OF DISCRIMINATION

I Harold D. Schuler declare under penalty of perjury that the facts set forth below are true to the best of my knowledge and belief.

1. I reside at 2191 Pond View Court, Reston, VA 20191.

2. The headquarters of Respondent PricewaterhouseCoopers, LLP ("PwC") is located at 1301 Avenue of the Americas, New York, New York 10019.

3. I have been employed by PwC and its predecessors Price Waterhouse, LLP and Price Waterhouse since October 1988.

4. I was born on October 21,1944 and am now 60 years of age.

5. Respondent PwC has on the basis of age denied me and its other older professional employees opportunities for promotion to partnership rooted in policies and procedures adopted and maintained by Respondent's Senior Partner and Chief Executive Officer Dennis Nally and the 14 other members of its Board of Partners and Principals that so discriminate:

    a. The partnership agreement of Respondent requires a "partner" or "principal" to retire at age 60, absent prior approval by the Board of Partners and Principals of Respondent, which is rarely granted.

    b. One consequence of the policy and practice of Respondent pursuant to that agreement is that Respondent does not promote any professional employee 60 years old or older to partnership, and as a practical matter does not promote any long term professional employee above the age of 50 to partnership, and rarely promotes employees age 45 or older to partnership.

-1-

02/22/2005 17:35 FAX 2023310966          ROSE & ROSE                          ⌐006

c.  I am qualified for promotion to partner.  In 1969 I joined the staff of the Office of the Comptroller of the Currency in Minneapolis as an assistant national bank examiner.  I was transferred to Washington, D.C. in 1972 to supervise the OCC's examinations of international divisions and overseas offices of national banks.  I was commissioned in 1973 as a national bank examiner.  In 1979 I was transferred to London, England for three years, where I supervised the OCC office responsible for examining national bank branches and subsidiaries in London and elsewhere in Europe.  While in OCC's Washington, D.C. office, I created a methodology still used today for measuring the cross-border exposure of U.S. banks.

In 1985 I joined the Institute for International Finance, an organization started by the major banks to serve as a centralized source of credit information about developing countries.

In 1986 I joined the Farm Credit Administration and helped to design the rescue package for a failing farm credit system.

I joined Respondent's Regulatory Advisory Services staff in 1988 as its first professional employee.  I have successfully managed and assisted with a variety of projects.  When the records of the central bank of Nicaragua disagreed with those of the country's creditor banks, I headed a complex and successful engagement to reconcile the differences.  I temporarily filled the position of treasurer for a regional bank which lost its treasurer.  I worked on a successful multi-year assignment in the mid-1990s for the Peoples Bank of China, that country's central bank.  I generated and managed projects earning an average of $1 million per year over my 16 years with PwC, and have continued to generate revenue at this pace during the past five years.  In addition, I have contributed thousands of chargeable hours to other projects.

-2-

The growth and success of the Regulatory Advisory Services group in Washington is due in large part to my services and those of the two or three other professionals hired shortly after I was. Yet none of us has been promoted to partner.

          d. I hold the position of Managing Director, and have held that position since 1994. That title was discontinued shortly after the merger creating PwC, and I was reappointed to that position in October 2004. That is the highest position held by professional employees of Respondent who are recognized as employees. My qualifications and work performance are better than those of younger employees who have been promoted to partnership including those employees who were promoted on or about July 1, 2004, and on or about July 1, 2003, or in prior years. I have won and managed projects bringing to PwC more than $16,000,000 in my career with PwC.

     6. The Respondent's age discriminatory practices against me and other older professional employees in promotion to partnership have continued to this date, although Respondent made its most recent batch of promotions of professional employees to partnership on or about July 1, 2004.

     7. In October 2004 the Respondent promoted over 200 professional employees to the position of Managing Director. On information and belief, all or the great majority of those employees were over the age of 40 when promoted, and are older than the great majority of employees that PwC has promoted to partnership. The Respondent PwC pays substantially less money and benefits to me and other managing directors than to those persons who have the title of "partner" or "principal."

-3-

8. Respondents Nally and other members of the Board of Partners and Principals of PwC have continued to implement the age based policies although they had full knowledge of the likelihood that such policies are in violation of federal, state and local equal employment opportunity laws. That Board decides each year which employees shall be promoted to partnership. Respondents Nally and other members of the Board continue to implement the unlawful policy of PwC by selecting employees for partnership based upon age rather than on abilities and skills, and by excluding me and other long term older professional employees over the age of 45 from consideration for each promotion in whole or in substantial part because of our age.

9. I make these allegations on my own behalf and on behalf of the class of professional employees of Respondent PwC over the age of 45. Unless this administrative claim is settled by agreement, I plan to enforce my rights and the rights of other members of the class of professional employees over the age of 45 who have been harmed by the same discriminatory age based promotion policy of Respondents under the Federal Age Discrimination in Employment Act and under the Human Rights Law of New York, and the Human Rights Law of New York City, and the Human Rights Act of the District of Columbia, by filing a lawsuit in an appropriate forum.

I charge the Respondents with unlawful discriminatory practices against me and other older professional employees on the basis of age in violation of the laws of United States and in violation of the laws of New York and the District of Columbia set forth above. I charge that those practices have continued to this date and that they are likely to continue in the absence of an appropriate lawsuit.

-4-

I have commenced no civil, criminal or other administrative actions based on the above allegations concerning promotions made by PwC subsequent to July 1, 2003. I have filed similar charges involving similar discriminatory conduct by PwC on July 1, 2003 and earlier years in the case of <u>Murphy and Schuler v. Pricewaterhouse Coopers, LLP</u>, Civ. Action 02-982 (RJL), and in the prior administrative proceedings under the District of Columbia Human Rights Act.

This complaint should be CROSS FILED WITH THE HUMAN RIGHTS AGENCIES OF NEW YORK CITY, THE STATE OF NEW YORK, AND WASHINGTON, D. C..

COMPLAINANT

Done this _____ day of February 2005.

**Exhibit C**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Harold Schuler
    2191 Pond View Court
    Reston, VA 20191

From: New York District Office
      33 Whitehall Street
      5th Floor
      New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01264 | Patricia M. Araujo, Investigator | (212) 336-3681 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    Case in Court/District of Columbia

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

04/28/05
(Date Mailed)

Enclosure(s)

cc: PRICE WATERHOUSE
    c/o Human Resources Director
    1301 Avenue Of The Americas
    New York, NY 10019
    c/o Stephen L. Sheinfeld, Esq.
    Winston & Strawn, LLP
    200 Park Avenue
    New York, NY 10166-4193

David L. Rose, Esq.
1320 19TH STREET, N.W.
SUITE 601
Washington, DC 20036