**Worksharing Agreement Between**
**The District of Columbia Office of Human Rights**
**and**
**The U.S. Equal Employment Opportunity Commission**
**Washington Field Office**
**For Fiscal Year 2000**

I.    Introduction

A.    The District of Columbia Office of Human Rights, hereinafter referred to as the FEPA, has jurisdiction over allegations of employment discrimination filed against employers of two or more employees occurring within the District of Columbia based on race, sex, age, national origin, religion, color, handicap, sexual orientation, political affiliation, marital status, family responsibility, personal appearance, or matriculation, pursuant to the District of Columbia Human Rights Act of 1977, as amended, Title 1 Chapter 25 of the District of Columbia Code.

The Equal Employment Opportunity Commission, hereinafter referred to as the EEOC, has jurisdiction over all allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e) (hereinafter referred to as Title VII). The EEOC has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*) (ADEA), for unequal wages based on sex under the Equal Pay Act of 1963, as amended (29 U.S.C. § 206) (EPA), and over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*) (ADA).

B.    In recognition of, and to the extent of the common jurisdiction and goals of the two Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate District of Columbia and Federal laws.

II.   Filing of Charges of Discrimination

A.    In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the Agency that initially receives the charge. EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706(c) and (e)(1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to

determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one Agency to another in accordance with the terms of this agreement or by other mutual agreement.

B.    The FEPA shall take all charges alleging a violation of Title VII, the ADEA, the EPA, or the ADA where both the FEPA and the EEOC have mutual jurisdiction, or where the EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III.A.1. below, refer them to the EEOC for initial processing.

C.    Each Agency will inform individuals of their rights to file charges directly with the other Agency and/or assist any person alleging employment discrimination to draft a charge in a manner that will satisfy the requirements of both Agencies to the extent of their common jurisdiction.

Normally, once an Agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the FEPA within the framework of a mutually agreeable system. Each Agency will advise Charging Parties that charges will be resolved by the Agency taking the charge except when the Agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III, "Division of Initial Charge-Processing Responsibilities."

D.    For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form, which within statutory limitations is acceptable in form and content to the EEOC and the FEPA) to draft charges. When a charge is taken based on disability, the nature of the disability shall not be disclosed on the face of the charge.

E.    Each Agency will make every effort to transmit electronically all dualfiled charges to the other Agency within two working days of receipt. The Agency that initially takes the charge will provide notice of the charge to the Respondent within ten calendar days of receipt. The Agency will also send to the other Agency a hard copy of the charge and Form 212-A within ten calendar days of receipt.

1.    The EEOC will use EEOC Form 212-A, Charge Transmittal to send charges to the FEPA. The form will be completed in duplicate. The FEPA will complete the bottom portion of the form and return it within ten working days of receipt. If other transmittal arrangements are agreed upon, receipt by the FEPA must be documented.

2.    The FEPA must also transmit charges to the EEOC using this form. The EEOC will complete the bottom portion of the form and return it to the FEPA within ten working days of receipt.

2

3.    Whenever the original of the Form 212-A is sent or returned to the FEPA, the EEOC will retain a copy in the charge file. The EEOC number and the FEPA's charge number must be entered on all transmittals between the EEOC and the FEPA.

F.    Each Agency will also forward all other relevant data obtained at the time of intake, within ten calendar days of receipt.

G.    Each Agency agrees that it will notify both the Charging Party and Respondent of the dualfiled nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, state, or local statutes.

H.    The delegation of authority to receive charges contained in Paragraph II.A. does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge.

III.    Division of Initial Charge-Processing Responsibilities.

In recognition of the statutory authority granted to the FEPA by Section 706(c) and 706(d) of Title VII; and by the ADA, and the transmittal of charges of age discrimination pursuant to the ADEA, the primary responsibility for resolving charges between the FEPA and the EEOC will be divided as follows:

A.    The EEOC and the FEPA will process all Title VII, ADA, and ADEA charges that they originally receive.

1.    For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

In addition, the EEOC will initially process the following charges:

–    All Title VII, ADA, and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FEPA 240 days or more after the date of violation;

–    All disability-based charges that may not be resolved by the FEPA in a manner consistent with the ADA;

–    All EPA and all concurrent Title VII/EPA charges;

3

–    All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision making process;

–    All charges filed by EEOC Commissioners;

–    All directed investigations by the EEOC under the ADEA and the EPA;

–    Charges also covered by the Immigration Reform and Control Act;

–    Complaints referred to the EEOC by the U.S. Department of Justice, the Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 CFR § 1640, 1641, and 1691 and class complaints retained by these agencies for action;

–    Any charge where the EEOC is a party to a conciliation agreement or a consent decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The EEOC will notify the FEPA of all conciliation agreements and consent decrees that have features relevant to the disposition of subsequent charges;

–    Any charge alleging retaliation for filing a charge with the EEOC or for cooperating with the EEOC; and

–    All charges against Respondents that are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

As part of perfecting the charge, the FEPA agrees to serve notice to the Respondent within ten days of receipt, dual-file the charge with the EEOC, and also dual-file any charge alleging a violation of the ADEA with the Virginia Council on Human Rights.

If a potential Charging Party comes to the EEOC and has already visited the FEPA, the EEOC will conduct the intake interview, perfect the charge, and investigate the charge. This type of charge will be dualfiled with the FEPA but will not be sent to the FEPA for investigation and, thus, will not be available for contract credit to the FEPA.

2.    The FEPA will initially process the following types of charges:

–    Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

–    Any charge where the FEPA is party to a Conciliation Agreement or a Consent Decree that, upon mutual conciliation and agreement, is relevant

4

to the disposition of the charge. The FEPA will provide the EEOC with an ongoing list of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

— All charges that allege more than one basis of discrimination where at least one basis is not covered by the laws administered by the EEOC but is covered by the FEPA ordinance, or where the EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but the FEPA can process that charge;

— All charges against Respondents that are designated for initial processing by the FEPA in a supplementary memorandum to this Agreement; and

— All disability-based charges against Respondents over which the EEOC does not have jurisdiction.

B.   Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process any charge. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

C.   Each Agency will notify the other on a quarterly basis of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list, a copy of the new charge will be sent to the other Agency's litigation unit within ten working days.

IV.   FEPA Processing of Charges under the ADA

A.   The FEPA's law is similar to the ADA, but has the following important differences:

1.   The statute does enunciate a standard for evaluating safety requirements. It appears that the law requires a balancing test between the extent of the risk involved and the rights of the individual with a disability.

2.   The statute allows pre-employment disability-related inquiries, if they are justified by business necessity, and contains no restrictions on disability-related inquiries and medical examinations of employees, and contains no confidentiality provisions. The FEPA, however, interprets the law to include the ADA restrictions.

3.   The statute does not contain a provision prohibiting discrimination through a contact. The FEPA, however, interprets the law to include such a prohibition.

5

4. The statute does not contain a provision prohibiting discrimination on the basis of a relationship or an association with an individual with a disability. The FEPA, however, interprets the law to include such a prohibition.

B. Recognizing the differences set forth above, the FEPA and the EEOC agree to the following:

1. For each FEPA ADA charge resolution that involves one or more of the issues identified in Paragraph A above, the FEPA will provide the EEOC with a statement that identifies the issues (from the above list of issues) that were addressed in resolving the charge.

2. The FEPA will transfer to the EEOC for initial processing each disability charge it originally receives where it will not receive and resolve all alleged issues in a manner consistent with all requirements, standards, prohibitions, and restrictions set forth in the ADA.

V.  Exchange of Information

A. Both the FEPA and the EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information that may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information, case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract.

B. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the Agency providing the information. With respect to all information obtained from the EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, the ADEA, the EPA, and the ADA.

C. Each Agency agrees to bind its volunteers and/or its contractors/contract employees who are retained to process dual-filed charges to the same confidentiality requirements. Each Agency agrees to require such volunteers and contractors/contract employees to sign a confidentiality agreement. That agreement will state, at a minimum, that the person may not disclose the existence of a charge, or any information obtained during the processing of a charge, with anyone other than the parties, their representatives, witnesses relevant to the investigation of the case, and the EEOC or FEPA employees. Any disclosure associated with the notice of and holding of a public hearing by the FEPA will not be deemed a violation of these confidentiality requirements.

D.  In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

VI.  Resolution of Charges

A.  Both agencies will adhere to the procedures set out in EEOC's Order 916, Substantial Weight Review Manual, and the State and Local Handbook, as revised. If there are procedural changes at any point during the contract year, the Agencies agree to renegotiate the terms of this section, as appropriate.

B.  For the purpose of according substantial weight to the FEPA final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to substantial weight review. The evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements, including, but not limited to:

1.  Jurisdictional requirements,

2.  Investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

3.  Relief, if appropriate,

4.  Mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearings, or consent orders to which the FEPA is a party.

C.  In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles. In particular, FEPA reports on EEOC Forms 322 and 472 and accompanying closing documents must be received by the EEOC no later than the eighth day after the reporting month, except at the end of a quarter, when the deadline is the fifth day.

D.  For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the Charging Party has no administrative recourse, appeal, or other avenue of redress available under applicable state and local statutes.

VII.  Implementation of the Worksharing Agreement

A.  Each Agency will designate a person as liaison official for the other Agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FEPA will be Winona Lake, Associate Director. The liaison

7

official for the EEOC will be Laura W. Nawrocki, Acting State and Local Coordinator.

B.    The Agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C.    The EEOC will provide original forms to be copied by the FEPA, in accordance with the regulations and the Compliance Manual, to be used by the FEPA in correspondence with Charging Parties and Respondents.

D.    This Agreement shall operate from October 1, 1999 to September 30 in the year the contract ends and may be renewed or modified by mutual consent of the parties.

I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date 15 SEPT 1999

Tulio L. Diaz, Jr., Director
U.S. Equal Employment Opportunity Commission
Washington Field Office

Date 8/26/99

Winona Lake, Associate Director
DC Office of Human Rights

8

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| 0003 | 10/01/2004 | See Lines | |

| 6. ISSUED BY | CODE | EE450 | 7. ADMINISTERED BY (If other than Item 6) | CODE | EE475 |
|---|---|---|---|---|---|
| PROCUREMENT MANAGEMENT DIVISION US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,1801 L STREET, NW, ROOM 2505 Washington, DC 20507 | | | WASHINGTON FIELD OFFICE 1400 L STREET, NW,SUITE 200 WASHINGTON, DC 20005 | | |

| 8. NAME AND ADDRESS OF CONTRACTOR   (No., street, county, State and Zip Code) | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| DC OFFICE OF HUMAN RIGHTS 441 4TH STREET, NW,SUITE 570N WASHINGTON, DC 20001 | | 9B. DATED (SEE ITEM 11) |
| | (X) | 10A. MODIFICATION OF CONTRACT/ORDER NO. 3FPSLP0195 |
| | (X) | 10B. DATED (SEE ITEM 13) 07 MAY 2003 |
| CODE  * | FACILITY CODE | |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA   (If required) |
|---|
| See Funding Detail |

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS.
### IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| CHECK ONE | |
|---|---|
| ☐ | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| ☐ | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| ☐ | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| ☑ | D. OTHER (Specify type of modification and authority) Clause H. 11 |

E. IMPORTANT:  Contractor ☐ is not, ☑ is required to sign this document and return 1 copies to the issuing office.

## 14. DESCRIPTION OF AMENDMENT/MODIFICATION   (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

PURPOSE: EXERCISE OF OPTION 2

Pursuant to Clause H.11 OPTION TO EXTEND THE TERM OF THE CONTRACT, the Government hereby exercises Option Year 2 to extend contract performance for a period of twelve (12) months commencing October 1, 2004.

Effective as of the date in Block 3 of this modification.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) GREGORY E. BROWNE | |
|---|---|---|---|---|
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. United States of America BY *Gregory E. Browne* (Signature of Contracting Officer) | | 16C. DATE SIGNED 15 MAR 2005 |
| (Signature of person authorized to sign) | | | | |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR)
53.243

| 1. AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 2. CONTRACT ID CODE | Page 1 of 5 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) |
|---|---|---|---|
| 0003 | 10/01/2004 | See Lines | |

| 6. ISSUED BY | CODE | EE450 | 7. ADMINISTERED BY (If other than Item 6) | CODE | EE475 |
|---|---|---|---|---|---|

6. ISSUED BY
PROCUREMENT MANAGEMENT DIVISION
US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,1801 L
STREET, NW, ROOM 2505
Washington, DC 20507

7. ADMINISTERED BY
WASHINGTON FIELD OFFICE
1400 L STREET, NW,SUITE 200
WASHINGTON, DC 20005

8. NAME AND ADDRESS OF CONTRACTOR    (No., street, county, State and Zip Code)

DC OFFICE OF HUMAN RIGHTS

441 4TH STREET, NW,SUITE 570N

WASHINGTON, DC 20001

CODE                     FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

(X) 10A. MODIFICATION OF CONTRACT/ORDER NO. 3FPSLP0195

(X) 10B. DATED (SEE ITEM 13)
07 MAY 2003

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA    (If required)
See Funding Detail

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

CHECK ONE

☐ A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

☐ B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

☐ C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

☑ D. OTHER (Specify type of modification and authority)
Clause H. 11

E. IMPORTANT:  Contractor ☐ is not, ☒ is required to sign this document and return 1 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION    (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

PURPOSE: EXERCISE OF OPTION 2

Pursuant to Clause H.11 OPTION TO EXTEND THE TERM OF THE CONTRACT, the Government hereby exercises Option Year 2 to extend contract performance for a period of twelve (12) months commencing October 1, 2004.

Effective as of the date in Block 3 of this modification.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) GREGORY E. BROWNE | |
|---|---|---|---|
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. United States of America BY *Gregory C. Browne* (Signature of Contracting Officer) | 16C. DATE SIGNED 15 MAR 2005 |
| (Signature of person authorized to sign) | | | |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR)
53.243

**Total Funding:**    $290,000.00

| FYs | Fund | Budget Org | Sub | Object Class | Sub | Program | Cost Org | Sub | Proj/Job No. | Sub | Reporting Category |
|-----|------|-----------|-----|--------------|-----|---------|----------|-----|--------------|-----|--------------------|

See Line Item(s)

Division        Closed FYs    Cancelled Fund

| Line Item Number | Description | Delivery Date (Start date to End date) | Quantity | Unit of Issue | Unit Price | Total Cost |
|------------------|-------------|----------------------------------------|----------|---------------|------------|------------|
| 001 | TITLE VII, ADEA, AND ADA CHARGE RESOLUTIONS | (10/01/2004 to 09/30/2005) | 197.00 | ea | $500.00 | $98,500.00 OPTION PERIOD |

This is a New Line

PROCESSING AND RESOLVING , TITLE VII, ADEA, AND ADA CHARGES.  EACH CHARGE MUST HAVE BEEN FILED SINCE OCTOBER 1, 2000, (OR SINCE OCTOBER 1, 1999, FOR EACH CHARGE WHERE A DETERMINATION OF REASONABLE CAUSE IS ISSUED AND THE CHARGE IS PROCESSED THROUGH HEARINGS AND/OR LITIGATION) AND RESOLVED IN ACCORDANCE WITH A CHARGE RESOLUTION PLAN IF APPLICABLE.

of Req No: 5FPSLP0020

| Line Item Number | Description | Delivery Date (Start date to End date) | Quantity | Unit of Issue | Unit Price | Total Cost |
|------------------|-------------|----------------------------------------|----------|---------------|------------|------------|
| 002 | FY 2005 EEOC/FEPA TRAINING CONFERENCE | (10/01/2004 to 09/30/2005) | 1.00 | lot | $1,200.00 | $1,200.00 OPTION PERIOD |

This is a New Line

TRAINING TO FACILITATE SUCCESSFUL COMPLETION OF CONTRACT, WHICH MUST INCLUDE ATTENDANCE AT EEOC-SPONSORED ANNUAL CONFERENCE.

of Req No: 5FPSLP0020

|  |  |
|--|--|
| **Previous Total:** | $190,300.00 |
| **Modification Total:** | $99,700.00 |
| **Grand Total:** | $290,000.00 |
| (Includes Discounts) | |

| Funding Strip Code | Change in Funded Amount |
|---|---|
| 2005 - - 01 - FPSLP - - 2510 - - SLCR - FP - - - - - FP - - | $98,500.00 |

Reference Requisition:    5FPSLP0020

| | |
|---|---|
| 2005 - - 01 - FPSLP - - 2510 - - SLTRNG - FP - - - - - FP - - - | $1,200.00 |

Reference Requisition:    5FPSLP0020

# Address Detail

## Shipping Addresses

| Code | Detail | | Code | Detail | |
|------|--------|---|------|--------|---|
| 0001 | **Org:** | OFFICE OF FIELD PROGRAMS | 0002 | **Org:** | WASHINGTON FIELD OFFICE |
| | **Addr:** | 1801 L Street, N.W., 8th Floor | | **Addr:** | 1400 L STREET, NW |
| | | | | | SUITE 200 |
| | | Washington DC  20507 | | | WASHINGTON DC  20005 |
| | **Attn:** | Dana Hutter | | **Attn:** | DANA HUTTER, ACTING DIRECTOR |
| | **Phone:** | (202) 663-4167 ext. | | **Phone:** | (202) 275-6356 ext. |
| | **Fax:** | ( ) - ext. | | **Fax:** | ( ) - ext. |

| Code | Detail | |
|------|--------|---|
| 0003 | **Org:** | WASHINGTON FIELD OFFICE |
| | **Addr:** | 1801 L Street, N.W., Suite 100 |
| | | Washington DC  20507-0001 |
| | **Attn:** | Dana Hutter, Acting Director |
| | **Phone:** | (202) 419-0735 ext. |
| | **Fax:** | ( ) - ext. |

## Invoice Addresses

| Code | Detail | |
|------|--------|---|
| 0001 | **Org:** | NATIONAL BUSINESS CENTER |
| | **Addr:** | MAIL STOP D-2735 |
| | | 7301 W. MANSFIELD AVENUE |
| | | DENVER CO  80235-2230 |
| | **Attn:** | EEOC PROCESSING |
| | **Phone:** | (303) 969-5770 ext. |
| | **Fax:** | (303) 969-7281 ext. |

In addition, the following are changes to the contract:

Section C - DESCRIPTIONS AND SPECIFICATIONS
Replace Section C - Pages 2 through 4 with the attached Section C - Pages 2 through 4-1.

Section D - PACKAGING AND MARKING
Replace Section D - Page 5 with attached Page 5.

Section F - DELIVERIES OR PERFORMANCE
Replace Section F - Page 7 and Page 8 with the attached Section F - Page 7 and 8.

Section G - CONTRACT ADMINISTRATION DATA
Replace Section G - Page 9 and 10 with the attached Section G - Page 9 and 10.

Section - SPECIAL CONTRACT REQUIREMENTS
Replace Section H- Pages 11 through 13 with the attached Section H, Pages 11 through 13.

Section J - LIST OF ATTACHMENTS
Replace Section J - Page 17 with the attached Section J- Page 17.
Incorporate Worksharing Agreement as Attachment E.

Except as stated above, all other terms and conditions for the contract remain unchanged.

## SECTION C - DESCRIPTION/SPECIFICATIONS/WORK STATEMENT

I.    Background

A.    The Equal Employment Opportunity Commission (EEOC) is authorized by statute to use the services of State and Local Fair Employment Practices Agencies (FEPAs) to assist it in meeting its statutory mandate to enforce Title VII of the Civil Rights Act of 1964, as amended (Title VII); the Age Discrimination in Employment Act (ADEA) of 1967, as amended; and, the Americans with Disabilities Act (ADA) of 1990, as amended. The EEOC also recognizes the need to ensure the employment rights of individuals granted by Federal, State, and Local anti-discrimination laws.

B.    As part of the Congressional mandate, the EEOC is required to establish an integrated system for a more expeditious resolution of employment discrimination charges. The EEOC has entered into a partnership with the FEPA, herein referred to as the Contractor, for continuous development and enhancement of this system.

II.   **Scope of Work**

A.    The Contractor agrees to work with the EEOC in the maintenance and enhancement of a national, integrated employment discrimination law enforcement and charge resolution system by accomplishing various objectives that include, but are not limited to, the following:

1.    Implementation by the Contractor of procedures that provide for professional intake of all charges the FEPA initially receives, prompt notification to respondents, resolution of charges on a current basis, determinations supported by evidence; and resolutions with remedies;

2.    The training of Contractor personnel in charge processing procedures compatible with those of the EEOC, on an as needed basis;

3.    Use by the Contractor of an employment discrimination charge form that, within statutory limitations, is acceptable to the EEOC and the Contractor;

4.    Use by the Contractor of processing terminology (such as common language pertaining to types of resolutions) that is the same as or compatible with that **used** by the EEOC;

5.    The development and maintenance of a system to ensure that the EEOC and the Contractor maintain compatible procedural and substantive standards;

6.    The identification by the Contractor and the EEOC of legislative changes that may be appropriate for the establishment of integrated and efficient charge processing systems; and

7.    Use of an effective case management system, and as applicable, adherence to a Charge Resolution Plan that:

a.    enhances quality and efficiency in the Contractor's charge resolution systems;

b.    establishes annual charge resolution objectives and provides mechanisms for fixing accountability and measuring progress toward those objectives;

c.    develops procedures and processes designed to reduce inventories of dual-filed charges that will ensure maintenance of a charge inventory of less than 365 days; and

d.    ensures that quality standards are met and are commensurate with the EEOC's policies and statutory responsibilities.

B.    When an agreement on the above requirements is reached between the Contractor and the EEOC, they must be included as part of the executed Worksharing Agreement. The effective date of the Worksharing Agreement will run concurrently with the effective date of this contract. Upon execution, the Worksharing Agreement dated **August 25, 2004,** is incorporated by reference into this contract.

C.    The Contractor and EEOC, as a condition to the maintenance of this contract, shall approve the Worksharing Agreement. Once the Contractor or the EEOC has been designated to process the charge, only the designated party will process the charge.   The other party shall refrain from processing the charge pending completion by the initial processor to preclude duplication of effort.

D.    The Contractor shall:
1.    Implement in partnership with the EEOC, a system that permits each party to perform various functions on behalf of the other, for example, accepting charges for each other, within the statutory limitations; and

2.    Commit itself to maintenance of effort.  Should the Contractor or the governmental body that provides its funds reduce the Contractor's resources in anticipation of or as a result of the EEOC contract funds, the EEOC may consider a reduction in the Contractor's funding, restrictions placed on the use of its funds, or revisions to the Contractor's operating procedures or regulations that impact on its ability to perform under its contract, as a material breach of this contract. The Contractor will be required to return all or a portion of the funds provided by the EEOC under this contract.

E.    It is understood and expressly agreed to by both parties to this contract that all provisions of the EEOC's Contracting Principles for State and Local FEPA for Fiscal Year 2004 are incorporated in their entirety into this contract.

## III.    Statement of Work
Processing of Charges - Title VII Charges, and/or ADEA Charges (if applicable), and/or ADA Charges (if applicable):

A.    The Contractor shall process individual charges of employment discrimination exclusive of any charge processing resulting from other contracts for the resolution of charges that may be in effect between the Contractor and the EEOC during the term of this contract.  (See Section B of this contract).

B.    The Contracting Officer's Technical Representative (COTR) shall be responsible for transmitting charges initially received by the EEOC to the Contractor.  The Contractor shall submit charges to the EEOC for contract credit including, but not limited to, no cause findings, successful settlements, successful conciliations, administrative resolutions, final orders issued following and pursuant to administrative hearings and litigation. The EEOC shall not award any contract credit for resolutions by the Contractor based on no jurisdiction (except in cases where an investigation is actually required to determine jurisdiction) or resolutions based on the charging party's failure to establish a bona fide charge.

C.    All charges submitted for credit under this contract shall be completed by the Contractor between **October 1, 2004** and **September 30, 2005** as follows:

1.    All charges will be evaluated and determinations made in accordance with the theories of discrimination in employment as developed under Title VII, the ADEA, and the ADA, as appropriate.

2.    Investigation and resolution of individual charges pursuant to this contract shall be conducted in a manner designed to effectuate relief for the charging party and shall be carried out as expeditiously as possible.

3.    All final actions, litigation, and intake services for which payment is requested under this contract will be processed and awarded contract credit in compliance with the State and Local Handbook, the ADA Technical Assistance Manual for ADA charges, and the Worksharing Agreement.

4.    Contract credit submissions will include final dispositions of charges (i.e. final actions). When administrative appeal rights exist, the final disposition of a charge occurs only after the time for appeal has expired or the appeal has been processed to completion. In cases where the administrative appeal has been processed, the date of the notice of the final result of the appeal is the operative date. This applies in all cases where an administrative appeal is provided, whether the case is administratively resolved, dismissed, decided, or when no cause is found. The fifteen-day period during which a Substantial Weight Review may be requested and/or the period during which a Substantial Weight Review is conducted is not considered for the purposes of computing the operative date of the final disposition of a charge.

5.    Contract credit submissions that are not final dispositions will include:
    a.    Charges to be litigated by the Contractor where the EEOC receives copies of the complaints bearing confirmation of the filing dates with the Court, or other appropriate official confirmation of the filing dates of the complaints;

    b.    Certain types of charges that must be transferred to the EEOC that are not final actions by the Contractor, as specified in the State and Local Handbook and;

    c.    Intake services by the Contractor where the EEOC accepts for processing a charge initially filed outside the jurisdiction of the Contractor, or any other FEPA, and for which the Contractor has prepared all charge intake documentation, including a complete affidavit, as required by the EEOC. In addition, contract credit for intake services will be given when the EEOC accepts for processing a charge initially filed with but not jurisdictional with the Contractor and the COTR determines and justifies that there is a need to service charging parties who live at great distances from an EEOC or FEPA office.

6.    Charge resolutions submitted for contract credit pursuant to this contract will be identified by the Contractor by timely and accurate data entries on the FEPA CDS or any successor system, if applicable. Where the Contractor is not on the FEPA CDS or any successor system, charge resolutions submitted for credit pursuant to this contract will be designated in a monthly status report from the Contractor to the COTR.

7.    All charges will be processed by the Contractor in accordance with the Contractor's applicable State or Local Laws.

8.    Contract credit will not be allowed for any charge subject to a processing fee. If such a fee is imposed or implemented during the period of the contract, the contract may be terminated in accordance with Clause 52.249-4, Termination for Convenience of the Government.

9.    The Contractor shall preserve all case files and records relevant to all charges or actions until final disposition of such charges or actions by the Contractor and the EEOC and other federal authorities including federal courts.

# SECTION D - PACKAGING AND MARKING

## D.1    PACKAGING AND MARKING

Charge/case file material and reports to be furnished to the designated field office **shall be sent through** the regular U.S. Mail.

# SECTION F - DELIVERIES OR PERFORMANCE

**F.1    DELIVERIES OR PERFORMANCE**

**F.2    PERIOD OF PERFORMANCE**
The period of performance under this contract shall be from **October 1, 2004** through **September 30, 2005,** with a one-year option to extend the term of the contract. (See Clause H.11, "Option to Extend the Term of the Contract" and Paragraph H.3 Contract Adjustments")

**F.3    TIME OF DELIVERY/DELIVERABLES**

A.    When the Contractor enters a charge in the EEOC computerized Charge Data System (FEPA CDS) or any successor system the following procedures shall be used. The Contractor will:

1. Make accurate and timely charge data entries in the FEPA CDS or successor system, and the Contractor is responsible for ensuring that all appropriate charge information is available for extraction by the collection manager in a timely manner. Charge resolutions submitted for contract credit review will not be accepted for payment if it is determined that any required data entry has not been made by the FEPA. A determination not to award contract credit made may be reversed under the procedures set forth in Section III.B.5.a. of the FY **2005** Contracting Principles.

2. Enter basic charge data into the FEPA CDS or successor system within five days of the Contractor's receipt of each charge as set forth in Section III.B.5.a of the FY **2005** Contracting Principles in order to be eligible to receive contract credit.

3. Provide EEOC with a list of final actions within a time frame agreed upon by the COTR and the Contractor, but usually no later than 30 days after the resolution of each charge to meet the requirement of Section III. B.2 of the FY **2005** Contracting Principles. The Contractor must ensure the timely and accurate entry of data into the FEPA CDS or successor system. The COTR will generate charge data lists and reports through the FEPA CDS or successor system to verify that this requirement is being met throughout the term of this contract.

4. Enter all charge data for contract credit submissions through each quarter not later than the 8th calendar day of the month following each quarter.

B. When the Contractor is not on the FEPA CDS or successor system, the following procedures shall be used. The Contractor will:

1. Submit quarterly contract production reports to the COTR for review. The quarterly reports shall consist of EEOC Forms 322 - FEPA Performance Report and 472 - FEPA Charge List. Upon award of the contract, the quarterly reports must be received by the COTR not later than the 8th calendar day of the month following each quarter.

2. Furnish to the COTR, separate written reports as may be expressly required.

3. Provide the EEOC with a list of charge resolutions with respect to dual-filed charges within a time frame agreed upon with the COTR, but no later than thirty (30) days after the charge resolution dates. The lists of charge resolutions will be provided on EEOC Form 472. After receipt of the lists, and when requested by the COTR, the Contractor will forward all charge file information, or a copy of such information, within five

workdays of the requests. The COTR may extend or reasonably alter the five-day time frame as deemed necessary and appropriate (For non-certified Contractors, file information must be submitted within five days of submission of the Form 472/resolution listing unless the time frame is extended or otherwise modified by the COTR). Failure to timely submit reports and charge file information will result in the denial of contract credit for the affected resolutions.

      4. The Contractor must make timely and accurate submission to the EEOC of EEOC Form 322 and EEOC Form 472. All reports covering the first three quarters of the FY 2005 contract must be received by the EEOC prior to **September 30, 2005.**

## SECTION G - CONTRACT ADMINISTRATION DATA

**G.1     CONTRACT ADMINISTRATION DATA**

    A.  Contracting Officer      :     See Block 20A of SF 26

    B.  Inspection and Acceptance    :     See Section E of the Schedule

    C.  Accounting and Appropriation Date:     See Contract Level Funding Summary

    D.  Contracting Officer's Technical  :     Dana Hutter, Acting Director
        Representative                     Washington Field Office
                                     Telephone: (202) 419-0735

    E.  Paying Office      :     See Block 12 of SF-26

    F.  Program Director     :     Michael J. Dougherty, Director
                                     Office of Field Programs
                                     State and Local Programs
                                     1801 L Street NW, Room 8046
                                     Washington, DC   20507
                                     Telephone: (202) 663-4801

**G.2     CONTRACTING OFFICER**

The Contracting Officer shall be the only individual authorized to modify any of the terms of the contract or redirect the efforts of the Contractor.

**G.3     CONTRACTING OFFICER TECHNICAL REPRESENTATIVE**

The EEOC District Director, will serve as the Contracting Officer's Technical Representative (COTR) during the performance of this contract.  The name of the authorized EEOC District Director will appear in Block 11 of Standard Form (SF) 26, "Award/Contract".  The COTR shall monitor the contract for the Program Director and provide the Contractor with technical guidance.  Technical guidance shall mean providing details or interpretation of the scope of work and the requirements set forth in the contract.  It is intended that any details, interpretations or suggestions furnished shall not constitute any changes in terms and conditions of the contract. The COTR has the responsibility for monitoring and evaluating all phases of the Contractor's performance in order to determine compliance with the technical requirements of the contract.  The COTR is responsible for preparing the official receiving report to record acceptance in EEOC's financial system procurement module.  No payment may be made until a properly completed receiving report is transmitted to the payment office.

**G.4     INVOICING INSTRUCTIONS**

    A.    The Contractor shall submit an original invoice(s) and any other information required to make payments to the following address:

        National Business Center
        Mail Stop D-2735, EEOC Processing
        7301 W. Mansfield Ave
        Denver, CO 80235-2230

B.    A copy of the invoice must be sent to the designated COTR.

## G.5    PAYMENT SCHEDULE

Upon contract execution, an advance payment invoice not to exceed fifty (50) percent of the total annual contract price of this may be submitted by the Contractor.  Subsequent payments will be based on the Contractor's actual production of accepted charge resolutions.   The contractor can submit invoices for actual production on a quarterly basis **(April 8, July 8, and October 7, 2005)**.  No payment will be made until the contract and subsequent modifications, if any, are returned, properly executed, to the Equal Employment Opportunity Commission, Procurement Management Division, 1801 L Street, N.W., Room 2505, Washington, D.C. 20507.

## G.6    CONTRACT ADJUSTMENTS FOR TRAINING

The EEOC may adjust the contract for training when the following conditions exist:

A.    If the Contractor has not invoiced for training completed within a thirty (30) day period, the Contracting Officer,  may unilaterally deobligate the amount of funds the government determines to be in excess of the amount needed to pay for training.

B.    In the event the government determines before training is to be conducted that the amount of funds provided under the contract should be reduced or increased as a result of a revised estimation of the amount of funds needed to pay for training, the Contracting Officer,  may unilaterally modify the contract to provide funds for training in accordance with the government's revised estimate.

**H.1    SPECIAL CONTRACT REQUIREMENTS**

**H.2    TITLE VII AND ADA CONFIDENTIALITY PROVISIONS**

A.  The Contractor agrees to abide by the confidentiality provisions of Title VII and the ADA as those provisions are interpreted by the EEOC.  The Contractor shall not make public in any manner whatever the following information if said information was obtained from the EEOC:

1.  The existence of a Title VII and/or ADA charge filed by a particular charging party against a particular respondent, unless a Title VII and/or ADA lawsuit has been instituted,

2.  Information obtained by the EEOC pursuant to its investigation authority (Section 709(a)), unless a Title VII and/or ADA lawsuit involving that information has been instituted and,

3.  Things said or done by the parties (i.e. charging parties and respondents, and the EEOC) during the settlement efforts or conciliation of a charge, unless a Title VII and/or ADA lawsuit has been instituted.

4.  Pursuant to Paragraph 5(b) of the EEOC Memorandum of Understanding with the Office of Federal Contract Compliance Programs (OFCCP), information compiled by OFCCP and provided to the EEOC may be provided to an FEP Agency (i.e. the Contractor) upon its request. It is further understood and agreed that the Contractor will not disclose to the public any such information without first requesting and obtaining the express written approval of the Director of OFCCP.

B.  EEOC-furnished EEO Reports may be made public by the Contractor during or after a hearing conducted by the Contractor that involves the above information.

**H.3    CONTRACT ADJUSTMENTS**

A.  The COTR will review production on a quarterly basis.  The Contractor is expected to produce approximately 1/4 of the total charge resolutions required under the contract each quarter.

B.  If the annualized linear production of the Contractor's actual production at any time indicates that the Contractor is producing at a rate that would not meet the number of charge resolutions required under the contract, the government may unilaterally modify the contract price and the total number of charge resolutions (downward adjustments) to reflect the annualized charge production projection.

C .The government has the unilateral option to increase the number of contracted charge resolutions and/or intake services (upward adjustments), based on the actual or projected production of charge resolutions and intake services.

**H.4    RIGHTS IN DATA**

The Government shall have access to all case files created and developed in the performance of this contract at all reasonable times when they are in the possession of the Contractor.  The Contractor shall have access to such case files at all reasonable times while they are in the possession of the EEOC.  No case files, reports, studies, findings or other information collected or created in the performance of this contract shall be released by the Contractor except as authorized in accordance with the Confidentiality Provisions set forth at paragraph H.1 above.

**H.5    INDEMNIFICATION**

The Contractor shall indemnify the Government, its officers, agents, employees and assignees, for all claims of any nature arising out of the performance of this contract, including costs and expenses resulting from such claims.

**H.6    ACKNOWLEDGMENT OF GOVERNMENT**

The Contractor agrees that in the communication or release of all information concerning work performed or work to be performed under this contract, such communication or release, written or oral, shall be jointly approved by the COTR and the Contractor, and shall include a statement indicating that the project or effort is co-sponsored by the EEOC.

**H.7    DIRECT AND INDIRECT COSTS**

This is a fixed price contract. No additional funds will be added for direct or indirect costs incurred by the Contractor in the performance of services that exceed the unit price(s) indicated in the pricing schedule.

**H.8    NOTICE OF ADVERSE COURT ACTION**

The Contractor will provide written notification to the Program Director of any adverse local, state, or federal court decision issued against the Contractor relevant to the Employment Opportunity clauses, Section I, of this contract. Such notice shall be provided within ten (10) days of the court's decision.

**H.9    PRIVACY ACT**

This contract requires the collection, creation and maintenance of records that are subject to the Privacy Act of 1974. See the Privacy Act Notification Clause and the Privacy Act Clause incorporated into this contract in Section I. The records compiled, created and maintained pursuant to this contract are included in the EEOC's Privacy Act System EEOC-3, "Title VII and ADA Discrimination Case Files", or Privacy Act System EEOC-1, "Age and Equal Pay Discrimination Case Files". The contents and operation of these systems are described in Federal Register Notice, "Privacy Act of 1974; Publication of System of Records, Proposed New Systems and Proposed New Routine Uses", dated July30, 2002, and included in Section J of this contract. The EEOC's Privacy Act regulations, at 29 CFR, Part 1611 are hereby incorporated by reference.

**H.10    CHARGE DATA SYSTEM - DATABASE**

The Contractor is expected to reconcile its data base with the EEOC's data base as necessary and appropriate. If significant discrepancies occur and cannot be eliminated through a routine reconciliation, the EEOC may request a hard inventory of the Contractor's charge inventory. Such hard inventory must be conducted in accordance with guidelines prescribed by the EEOC.

**H.11    OPTION TO EXTEND THE TERM OF THE CONTRACT**

At the option of the Government, the Contracting Officer by written notice of renewal to the contractor by the first day of each Government fiscal year (October 1), provided that the Contracting Officer shall have given preliminary notice of the Government's intention to renew at least 60 days before this contract is to expire

may extend the term of the contract at the unit prices stated in Section B of this contract. Such a preliminary notice of intent to renew shall not be deemed to commit the Government to renewals. If the Government exercises this option for the renewal, the contract as renewed shall be deemed to include this option provision. However, the total duration of this contract, including the exercise of any options under this clause, shall not exceed three years (36 months).

Option Period II - October 1, 2004 through September 30, 2005

## SECTION J – LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS

J.1      LIST OF ATTACHMENTS

PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS

Attachment D   -   Worksharing Agreement for FY 2005

**Attachment 4**

## FY 2005 EXTENSION OF WORKSHARING AGREEMENT

Inasmuch as there have been no substantive changes in the processes, procedures, statutes, policies or regulations that would adversely affect or substantially alter the worksharing arrangement between the   Washington Field Office   :e) District Office and the  D.C. Office of Human Rights , or that would affect the processing of charges filed under the pertinent Federal, state or local statutes, the parties agree to extend the current worksharing agreement that was executed on   (Date of current WSA)   through the FY 2005 Charge Resolution Contract Option Period. This agreement, as well as the attendant Worksharing Agreement may be reopened and amended by mutual consent of the parties.


_____          _____8/25/04_____
For the FEPA                                Date

_____          _____8/25/04_____
For the EEOC District Office                Date