UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                                    )
HAROLD D. SCHULER                                   )
                                                    )
                                                    )
                            Plaintiff,              )        Civil Action No. 1:05CV02355 (RJL/DAR)
                                                    )
On Behalf of Himself and Other Similarly            )        PLAINTIFF'S OPPOSITION TO
Situated older employees                            )        DEFENDANT'S MOTION FOR
                                                    )        JUDGMENT ON THE PLEADINGS
            v.                                      )
                                                    )        ADEA Collective Action and
PRICEWATERHOUSECOOPERS, LLP                          )        DCHRA Class Action
                                                    )
                                                    )
                                                    )
                            Defendant.              )
_____)

# TABLE OF CONTENTS

Page No.

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       A.    SCHULER'S 2005 CHARGE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.    MURPHY'S 2005 CHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.    SCHULER SATISFIED THE ADMINISTRATIVE PREREQUISITES OF THE
              ADEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              1.    SCHULER'S EEOC CHARGE COMMENCED STATE AND FEDERAL
                     PROCEEDINGS FOR PURPOSES OF FILING THIS SUIT . . . . . . . . . . . 6

              2.    SCHULER'S EEOC CHARGE WAS FILED WITHIN THE
                     APPLICABLE 300 DAY PERIOD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

              3.    SCHULER'S EEOC CHARGE GAVE DEFENDANT PROPER
                     NOTICE OF HIS CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

              4.    THE "SINGLE-FILING" RULE AND MURPHY'S 2005 CHARGE
                     ENSURES SCHULER'S RIGHT TO FILE THIS SUIT  . . . . . . . . . . . . . 18

       B.    SCHULER'S CAUSE OF ACTION UNDER THE DC HUMAN RIGHTS ACT
              IS TIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

              1.    PLAINTIFF'S 2004 CLAIM OF NON-PROMOTION IS TIMELY  . . . . . 20

              2.    PLAINTIFF'S 2005 CLAIM OF NON-PROMOTION IS TIMELY  . . . . . 21

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

Page No.

<u>CASES</u>

*Alicke v. MCI Communications Corp.*,
    111 F.3d 909 D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Anderson v. Illinois Tool Works, Inc.*,
    753 F.2d 622 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Banks v. District of Columbia*,
    377 F.Supp 2d 85 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carter v. George Washington University*,
    387 F.3d 872, 879 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Colgan v. Fiher Scientific Co.*,
    935 F.2d 1407 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Conley v. Gibson*,
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cook v. Boorstin*,
    763 F.2d 1462 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Delgado v. Ashcroft*,
    368 F. Supp. 2d 3 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*DePriest v. Seaway Food Town, Inc.*,
    543 F. Supp. 1355 (E.D. Mich. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dixon v. Stephenson, Inc.*,
    614 F. Supp. 60 (D.C. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duggan v. Board of Education of East Chicago Heights*,
    818 F.2d 1291 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Echard v. Devine*,
    726 F.Supp. 1045, 1054 (N.D.W.Va. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Foster v. Gueory*,
    655 F.2d 1319 (D.C. Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,21

*Freeman v. CSX Transportation, Inc.*,
    730 F. Supp. 1084 (M.D. Ala. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gorman v. Hughes Danbury Optical Systems*,
    908 F. Supp. 107 (Conn. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gripper v. AT & T*,
    1997 WL 282214 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Haynesworth v. Miller*,
    820 F.2d 1245 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hodge v. New York Coll. of Podiatric Med.*,
    157 F.3d 164, 166 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Holowecki v. Federal Express Corp.*,
    _F.3d_,2006 WL 555368 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,18

*Husch v. Szabo Food Service Co.*,
    851 F.2d 999 (7th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jackson v. City of Chicago*,
    1996 WL 734701 (N.D. Ill. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Kocian v. Getty Refining & Marketing Co.*,
    707 F.2d 48 (3rd Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kowal v. MCI Communications Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Lively v. Flexible Packing Assoc.*,
    830 A.2d 874 (D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Lorillard v. Pons*,
    434 U.S. 575, 98 S.Ct. 866, 55 L.Ed. 2d 40 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Love v. Pullman Co.*,
    404 U.S. 522, 92 S.Ct. 616, 30 L.Ed. 2d 679 (1972) . . . . . . . . . . . . . . . . . . . . . . . . 8,10

*Lyda v. American Broadcasting Companies*,
    587 F.Supp. 670 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

iii

*Martel v. Dean Witter Reynolds, Inc.,*
    738 F. Supp. 53 (E.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*McKelvy v. Metal Container Corp.,*
    854 F.2d 448, 451 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mohasco Corp. v. Silver,*
    447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed. 2d 532 (1980) . . . . . . . . . . . . . . . . . . . . . . . 8

*Murphy v. PricewaterhouseCoopers,*
    357 F. Supp. 2d 230 (D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,12

*Oatis v. Crown Zellerbach,*
    398 F.2d 496 (5th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Ode v. Omtvedt,*
    883 F. Supp. 1308 (Neb. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Oscar Meyer & Co. v. Evans,*
    441 U.S. 750, 99 S.Ct. 2006, 60 L.Ed. 2d 609 (1979) . . . . . . . . . . . . . . . . . . . . . . . 17

*Palmer v. Barry,*
    894 F.2d 449 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Petrelle v. Weirton Steel Corp.,*
    953 F.2d 148 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Promisel v. First American Artificial Flowers,*
    943 F.2d 251 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Psychiatric Institute of Washington v. District of Columbia Commission on Human Rights,*
    871 A.2d 1146 (D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Shaver v. Corry Hiebert Corp.,*
    926 F. Supp. 313, (W.D. Pa. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shehadeh v. Chesapeake & Potomac Tel. Co.,*
    595 F.2d 711 (D.C. Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Shikles v. Sprint/United Management Co.,*
    426 F.3d 1304 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Smith v. General Scanning, Inc.*,
    832 F.2d 96 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sterling v. Contec Corp.*,
    333 F. Supp. 2d 37 (N.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002) . . . . . . . . . . . . . . . . . . . . 6,11

*Taylor v. Rodale, Inc.*,
    2004 WL 3199363 (E.D. Pa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*Tewksbury v. Ottaway Newspapers*,
    192 F.3d 322 (2nd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tolliver v. Xerox Corp.*,
    918 F.2d 1052 (2nd Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Transworld Products Co. v. Canteen Corp.*,
    908 F. Supp. 1 (D.D.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vitikacs v. American Legion*,
    2003 WL 22004935 (D.C. Super. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20,21

*Wein v. Westinghouse Electric Corp.*,
    1996 WL 11061 (E.D. Pa. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES AND REGULATIONS

29 U.S.C. § 631 *et seq.*, Age Discrimination in Employment Act . . . . . . . . . . . . . . . . . . *passim*

29 U.S.C. § 626(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,17

29 U.S.C. § 626(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,15,16

29 U.S.C. § 626(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16

29 U.S.C. § 633(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

29 C.F.R. § 1601.13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,17

29 C.F.R. § 1601.74(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 C.F.R. § 1626.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 C.F.R. § 1626.9(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

29 C.F.R. § 1626.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

D.C.  Code  § 2-1402.11 *et seq.*, District of Columbia Human Rights Act . . . . . . . . . . . . . *passim*

D.C. Code § 2-1403.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

D.C. Code § 2-1403.16(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

<u>RULES</u>

Federal Rules of Civil Procedure, Rule 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rules of Civil Procedure, Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rules of Civil Procedure, Rule 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## I.     INTRODUCTION

Defendant challenges Plaintiffs' claims under the Age Discrimination in Employment Act ("ADEA") and the District of Columbia Human Rights Act ("DCHRA").  On Plaintiff's claim for violation of the ADEA, Defendant contends that Plaintiff failed to satisfy the ADEA's procedural prerequisites by 1) not filing his charge with the District of Columbia's Office of Human Rights, and 2) not filing his charge within 180 days of the his non-promotion in 2004.

Defendant's motion on these grounds must fail because Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") in a deferral state that has proper jurisdiction over Plaintiff's claims within 300 days of Defendant's decision not to promote him on the basis of his age in 2004; and Plaintiff filed this action more than 60 days after his charge was filed.  Alternatively, Plaintiff satisfied the ADEA's prerequisites because his previous charges and lawsuit gave Defendant more than the required notice of his claims and because his claims are substantially similar to those of Plaintiff Murphy, who did file a charge with the District of Columbia Office of Human Rights Office ("DCOHR").

On Plaintiff's claim for violation of the DCHRA, Defendant argues that Plaintiff failed to file suit for the 2004 non-promotion within the one year statute of limitations.  Defendant's motion on this claim fails because Murphy's charge effectively tolled the statute of limitations.  Defendant has no argument that Plaintiff's claim based on the 2005 non-promotion is untimely.

## II.     PROCEDURAL HISTORY

Plaintiffs Murphy and Schuler filed suit on May 20, 2002, Case No. 1:02-cv-00982 RJL (DAR) (hereinafter "Action I").  Both filed individual charges of discrimination with the District of Columbia Office of Human Rights.  Murphy filed a charge with the DCOHR on or about

1

March 14, 2001.  Action I Complaint, ¶32.  Plaintiff Schuler filed a charge with the DCOHR on

or about June 29, 2001.  Action I Complaint, ¶32.  They both filed amended charges with the

DCOHR .  The charges submitted by Murphy and Plaintiff Schuler were cross-filed for purposes

of the ADEA.  Action I Complaint, ¶32.

Both plaintiffs alleged the discrimination resulted in their inability to make partner.

Action I Complaint, ¶29.  Both alleged that Defendant PwC was engaging in a nation wide

pattern and practice of discriminating on the basis of age by not promoting older employees to

partnership and that such discrimination was  based upon Defendant's policy of mandatory

retirement for partners at age 60, in violation of the ADEA and state anti-discrimination laws.

Action I Complaint, ¶19.

### A.     SCHULER'S 2005 CHARGE

On February 23, 2005, Plaintiff Schuler filed a class-wide charge of age discrimination

with the New York City field office of the EEOC.  Exhibit B to Declaration of Nelson, ("Nelson

Dec.").  His charge specified the New York City Commission on Human Rights and the New

York State Division of Human Rights as the state or local agencies.  Nelson Dec., Ex. B.  In

Schuler's affidavit, which was incorporated by reference into the charge, Schuler stated that:

"[t]his Complaint should be cross filed with the human rights agencies of New York City, the

State of New York, and Washington, D.C."  Nelson Dec., Ex. B.

On February 22, 2005, a copy of the class-wide charge was mailed via overnight delivery

to Defendant's counsel.  Nelson Dec., Ex. B.  The charge was filed less than 300 days after June

30, 2004, the traditional date for announcement of new partners at PwC and less than 300 days

after June 4, 2004, the date Defendant contends Schuler was given notice via e-mail that he was

not selected for promotion in 2004.

On March 14, 2005, the EEOC's district office in New York sent Plaintiff a letter acknowledging receipt of his February 23, 2005 charge.  Declaration of Terri N. Marcus, ("Marcus Dec."), Ex A.  The letter informed Plaintiff that he "need do nothing further at this time" and that a copy of his charge would be sent to the New York State Division of Human Rights.  Marcus Dec., Ex. A.

On April 28, 2005, the EEOC dismissed Plaintiff Schuler's class-wide charge of discrimination on the basis that Action I was already a case pending in this Court.  Nelson Dec., Ex. B.  After his charge was dismissed, Plaintiff had 90 days to file suit.  The 90 days were set to expire on August 1, 2005.  Nelson Dec., Ex. C.  On June 30, 2005, more than 60 days after Defendant had notice of Plaintiff Schuler's charge, the parties agreed that Plaintiff Schuler's time to file his claims under federal and state law would be tolled until the completion of efforts by both parties to resolve the matter via mediation.  Nelson Dec., Ex. C.  Defendant did not offer to engage in any alternative dispute resolution methods during the initial 60 days after Plaintiff filed his February 23, 2005 charge.

After efforts at mediation failed, Schuler filed his second and separate complaint in this case on December 8, 2005 ("Action II").  Plaintiff's complaint alleges that Defendant discriminates against him and other similarly situated professional employees by not promoting anyone older to partner.  Specifically, Plaintiff was not promoted to partner in either 2004 or 2005.  Nelson Dec., Ex. A.  As in Action I, Schuler again alleges that Defendant has a policy or practice of age discrimination premised upon its policy of forcing partners age 60 and older to retire.  Nelson Dec., Ex. A, ¶1.  As a result of said policy, Plaintiff alleges that Defendant failed

3

to promote him because PwC disfavors promoting employees to partner once they are forty-five years old or older.  Nelson Dec., Ex. A, ¶1.

## B.    MURPHY'S 2005 CHARGE

Murphy filed a charge alleging class-wide age discrimination against Defendant with the Washington D.C. field office of the EEOC on March 4, 2005.  Marcus Dec., Ex. B.  His charge was cross-filed with the District of Columbia Office of Human Rights.  Marcus Dec., Ex. B.  Both Schuler and Murphy's charges alleged a pattern and practice of age discrimination against older employees which resulted in their repeated non-promotions to partner.  Both charges were brought on behalf of the class of similarly situated older professional employees.  Nelson Dec., Ex. B, Marcus Dec., Ex. B.

Murphy filed his second and separate complaint alleging class-wide age discrimination in violation of the Age Discrimination in Employment Act and District of Columbia Human Rights Act on May 26, 2005.  (Case No. 1:05cv01054 RJL).

## III.    STATEMENT OF FACTS

PricewaterhouseCoopers ("PwC") is a Delaware limited liability corporation with headquarters in New York City.  *Murphy v. PricewaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 234 (D.C. 2004); Nelson Dec., Ex. B, Declaration of Harold Schuler in Support of His Charge of Discrimination, ¶2.  Plaintiff alleges that PwC is governed by a Board of Partners and Principals ("Board") which exercises exclusive authority over all aspects of firm management.  Nelson Dec., Ex. A, ¶9.  Plaintiff also avers that: "[t]he Board and the Senior Partner, together with a few leaders of major practices, control the compensation of partners, the partners' ability to accept new clients, the manner in which partners supervise other employees, other aspects of

4

partners' conduct, *the admission of employees to partnership* and dismissal from partnership, and interpretation of the Partnership Agreement." Nelson Dec., Ex. A, ¶10 (emphasis added); *accord* PricewaterhouseCoopers LLP Partners and Principals Agreement, Article V, Section 5.6, p.10.

Furthermore, Plaintiff alleged that the "promotion to partnership process culminates in the Board making the promotions, usually effective on July 1, the first day of the new fiscal year." Nelson Dec., Ex. A, ¶16. Further paragraphs in the Complaint relate how Defendant's policy and practice of requiring partners to retire at age 60 is established at the Board level (in New York) and acts to discriminate against professional employees on the basis of age in violation of the ADEA and the DCHRA. Nelson Dec., Ex. A, ¶¶17-23.

## IV.    ARGUMENT

The standard applied to motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is substantially the same as that for motions to dismiss under Rule 12(b)(6) for failure to state a claim. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987) (warning that "[m]otions such as these, that would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, should be treated with the greatest of care"); *Transworld Products Co. v. Canteen Corp.*, 908 F. Supp. 1, 2 (D.D.C. 1995). A trial court should not grant a motion for judgment on the pleadings merely because the court doubts the plaintiff's ability to prove the allegations of the complaint at trial. *Haynesworth*, 820 F.2d at 1254.

On either a motion for judgment on the pleadings or a motion to dismiss, the court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276

(D.C. Cir. 1994).  Either such motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations [in the complaint]." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002); *see also, Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997).  If the Court does rely on matters outside the pleadings under Rule 12(c), it must treat the motion as if it were one for summary judgment.  Fed. R. Civ. P. 12 (b), (c).

### A.    SCHULER SATISFIED THE ADMINISTRATIVE PREREQUISITES OF THE ADEA

Defendant contends in its Memorandum that Schuler failed to commence proceedings with the District of Columbia Office of Human Rights in violation of 29 U.S.C. § 633(b) and that the failure to do so results in application of the 180 day period for filing a charge under 29 U.S.C. § 626(d)(1).  As a result, Defendant contends that Plaintiff failed to comply with the ADEA's administrative prerequisites because his charge was filed with the EEOC on February 23, 2006, 264 days after the statutory period began to run on his claim of discrimination for non-promotion on June 4, 2004, even though the complaint alleges that promotions are "usually effective on July 1" and that "[e]ffective July 1, 2004, PwC promoted 149 employees to partnership".  Action II Complaint, ¶16, ¶22.  Defendant provides no proof supporting its allegation that Schuler had notice on June 4, 2004 that he would not be promoted that year.

### 1.    SCHULER'S EEOC CHARGE COMMENCED STATE AND FEDERAL PROCEEDINGS FOR PURPOSES OF FILING THIS SUIT

The administrative prerequisites of filing an ADEA suit are stated at 29 U.S.C. § 626(d)

and 29 U.S.C. § 633.  Filing a charge with the EEOC is required before bringing a lawsuit under the ADEA.  "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."  29 U.S.C. § 626(d).  In states that have laws "prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice", so-called deferral states, a complainant just has to wait 60 days after filing a charge to pursue a civil action.  29 U.S.C. § 633(b).

Plaintiff fulfilled the requirements of § 626(d) and § 633(b).  Section 626(d) is met because Plaintiff filed a charge alleging age discrimination with the New York office of the EEOC on February 23, 2005, less than 300 days after his non-promotion on July 1, 2004.  More than 60 days after he filed his charge, on December 8, 2005, he filed this action.  Section 633(b) is met because: 1) New York and Washington D.C. are states which have laws prohibiting discrimination in employment because of age and both establish or authorize a state authority to grant or seek relief from such discriminatory practices; and 2) the EEO charge served to commence proceedings under state law when it was dual filed with the New York State Division of Human Rights.

New York and Washington, D.C. both have state agencies that meet the definition set forth in § 633(b), and are therefore"deferral" states.  *Palmer v. Barry*, 894 F.2d 449, 451 (D.C. Cir. 1990); *Banks v. District of Columbia,* 377 F. Supp. 2d 85, 89-90 (D.D.C. 2005); *Holowecki v. Federal Express Corp.*, __ F.3d ___ , 2006 WL 555368 (2nd Cir. 2006).  The District of Columbia Office of Human Rights, the New York City Commission on Human Rights, and the New York State Division on Human Rights are all Fair Employment Practice ("FEP") agencies.

29 C.F.R. §1601.74(a); *Carter v. George Washington University*, 387 F.3d 872, 879 (D.C. Cir.

2004); *Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2nd Cir. 1998).   Rather,

Defendant contends that the charge filed by Plaintiff in the New York office of the EEOC does

not commence proceedings under the state law in compliance with § 633(b).  Defendant is

mistaken.

Section 633(b) only requires proceedings to be "commenced under the State law".[1]   The

most that a state may require for commencement is the "filing of a written and signed statement

of the facts upon which the proceeding is based . . . ." *McKelvy v. Metal Container Corp.*, 854

F.2d 448, 451 (11th Cir. 1988).  The EEOC, and not the complainant, may forward the charge that

commences the proceeding for purposes of state law.  *Love v. Pullman Co.*, 404 U.S. 522, 525-

26, 92 S. Ct. 616, 30 L. Ed. 2d 679 (1972) ("nothing in the Act suggests that the state

proceedings may not be initiated by the EEOC acting on behalf of the complainant himself.").

The Supreme Court has held that a litigant is entitled to the 300 day statue of limitations if the

EEOC commences the state proceeding.  *Mohasco Corp. v. Silver*, 447 U.S. 807, 816-17, 100

S.Ct. 2486, 65 L.Ed. 2d 532 (1980).

It is also clearly established that the ADEA does not require that an EEOC charge be filed

in the state where the discrimination occurred.  "Complaints and charges may be submitted in

person, by telephone, or by mail to any of the District, Area or Local Offices of the Commission,

or to the Washington Field Office, or at the Headquarters of the Commission at Washington,

D.C., or with any designated representative of the Commission."  29 C.F.R. § 1626.5.  In *Taylor*

---

[1]  Procedural prerequisites to filing suit that are not expressly stated in the ADEA are not to be read into the statute.  *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1314 (10th Cir. 2005).

8

*v. Rodale, Inc.*, 2004 WL 3199363 *4 (E.D. Pa. 2004), the court determined that "[t]here is no requirement that a charge be filed with an EEOC office located in the state in which the alleged discriminatory acts occurred." An EEOC office in one state can refer a charge to a state agency in another state, if it is proper to do so." *Id.* (citing 29 C.F.R. § 1601.13(a), § 1626.9(a)).

As held by *Gripper v. AT & T,* 1997 WL 282214 *6 (S.D.N.Y. 1997), the EEOC can also transfer a charge of discrimination to another EEOC office for investigation. In *Gripper*, the plaintiff filed a charge of age discrimination in the Atlanta, Georgia office of the EEOC, alleging discrimination that occurred while she worked in New York. *Id.* at *1, *3. She did not file a charge with a state agency. *Id.* at *3. The court held that the plaintiff met the ADEA's procedural requirements and that the 300 day limit applied. *Id.* at *6.

In addition, EEOC regulations require it to refer all charges filed with the EEOC to the appropriate state agency, 29 C.F.R. § 1601.13(a)(4)(i) ("any document . . . which may constitute a charge . . . shall be deferred to the appropriate FEP agency . . .); 29 C.F.R. § 1626.9 ("[t]he Commission may refer all charges to any appropriate State agency . . . in order to assure that the prerequisites for private law suits, as set out in section 14(b) of the Act, are met"; 29 C.F.R. § 1626.10 ("[c]harges received by one agency under the agreement shall be deemed received by the other agency"). Therefore, the statutory prerequisite is met when the EEOC files the charges with the state agency on the complainant's behalf. *See, e.g., Dixon v. Stephenson, Inc.,* 614 F. Supp. 60, 62-63 (D.C. 1985) (filing EEOC charge and no state charge sufficient); *Shaver v. Corry Hiebert Corp.*, 936 F. Supp. 313, 314, 319 (W.D. Pa 1996) (filing just an EEOC charge, without checking the box indicating that the charge should be cross-filed with the appropriate state agency, was sufficient to sustain ADEA action).

9

In *Duggan v. Board of Education of East Chicago Heights*, 818 F.2d 1291, 1295 fn.9 (7th Cir. 1987), the appellate court acknowledged the lower court's decision that filing a charge with the EEOC and not the state FEP agency sufficed to commence state proceedings "because the EEOC automatically refers charges to the relevant state agency." The court also remarked that "the EEOC, as a matter of practice, does refer charges of age discrimination to the appropriate state agency." *Id.* at 1296 fn.11.

In *Martel v. Dean Witter Reynolds, Inc.*, 738 F. Supp. 53, 56 (E.D.N.Y. 1990), the court explained that in states, such as "New York, which has a law prohibiting age discrimination in employment and which has authorized a state agency to grant relief from such discriminatory practice, the EEOC automatically refers the complaint, in the first instance, to the state agency."

There is no reason why Plaintiff needed to file a charge with the New York or Washington, D.C. FEP agency in addition to his EEOC charge. Requiring a complainant to file with both the EEOC and a state agency serves "no purpose other than the creation of an additional procedural technicality." *Love*, 404 U.S. at 526. The Court of Appeals for the Second Circuit ruled that "[al]lowing two separate agencies - the EEOC and a state agency - to simultaneously expend scarce resources to investigate the same allegation of discrimination would be unnecessarily duplicative . . . [t]he statutory scheme of the ADEA is designed to keep this from happening." *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 256 (2nd Cir. 1991).

The EEOC informs anyone interested in filing a charge of discrimination that:

> If a charge is filed with EEOC and also is covered by state or local law, EEOC "dual files" the charge with the state or local FEPA, but ordinarily retains the charge for handling.

10

Marcus Dec., Ex. C, found out www.eeoc.gov/charge/overview_charge_filing.html.

Defendant mistakenly asserts that a plaintiff who relies on an EEOC referral must allege and prove the existence and terms of the worksharing agreement and that the charge was in fact referred to the appropriate state agency. Def. Memo, p.17. A plaintiff need not "prove" anything by filing a complaint. A complaint only needs to provide a "short and plain statement" of the court's jurisdictional grounds, a "short and plain statement" of the claim itself, and a demand for relief. Fed. R. Civ. P. 8(a); *Swierkiewicz*, *supra,* at 514.

Despite Defendant's erroneous contention, Plaintiff can show that there is a worksharing agreement between the New York State Division of Human Rights and the EEOC.[2] It provides that:

> Charges that are received by the New York State Division of Human Rights, whether in person or by mail, and jurisdictional with the EEOC and timely filed by the charging party or his/her representative *will be automatically dual-filed with the EEOC and vice versa.* The date the charge was received will be the date of filing.

Marcus Dec., Ex. D.

In *Sterling v. Contec Corp. LLC*, 333 F. Supp. 2d 37 (N.D.N.Y. 2004), the plaintiff alleged age discrimination in violation of the ADEA and the New York Human Rights Law. He filed a charge with the EEOC, but not the state agency. *Id.* at 38. He received a letter from the EEOC informing him that his charge would be sent to the state agency as required by EEOC's procedures. *Id.* The state agency, however, had no record of the charge. *Id.* The court held that the plaintiff fulfilled the ADEA's prerequisites by filing the charge with the EEOC because under

---

[2] Admittedly, Plaintiff obtained a copy of the worksharing agreement that was operable in 2004; however, there is no reason to believe that the same agreement was not operable in 2005 when Plaintiff's charge was filed, especially in light of the agreement's re-adoption, without change, each year from 2001 to 2004.

the terms of the worksharing agreement between the EEOC and the state agency, charges received by the state agency would be automatically dual-field with the EEOC and vice versa. *Id.* at 39.

Similarly, Plaintiff Schuler has the letter from the New York District Office of the EEOC informing him that a copy of his charge was being sent to the New York State Division of Human Rights. Marcus Dec., Ex. B. He can establish that his claim was in fact cross-filed with the state agency. In such an event, it does not matter if the work sharing agreement between the state agency and the EEOC automatically fulfills the filing requirements of the ADEA. *See, Petrelle v. Weirton Steel Corp.*, 953 F.2d 148 (4th Cir. 1991).[3]

Defendant also contends that New York is not an appropriate state agency in this case. Defendant bases its argument on this Court's finding in *Murphy* that Plaintiff could not state a claim for discrimination under the New York state anti-discrimination law. Def.'s Memo, p.14; 357 F. Supp. at 244. Defendant fails to consider the distinction that Plaintiff herein is not filing a claim for violation of the New York anti-discrimination law. He is filing a claim under the ADEA. Under the ADEA, multiple states can properly have jurisdiction to hear a claim. *See, Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1001-02, 1004 (7th Cir. 1988) (Connecticut or Illinois were both logical states for the plaintiff to believe the discrimination occurred). Notably, the New York office of the EEOC did not dismiss Plaintiff's charge because it lacked jurisdiction. Nelson Dec., Ex. B. Instead, the charge was forwarded to the New York FEP

---

[3] In *Petrelle*, the plaintiff could prove via an EEOC file copy of a cover letter that his charges were sent to the state agency, but he could not prove that the charges were actually received. 953 F.2d at 153. The court held that the presumption of regularity would apply such that it could be assumed that the EEOC discharged its official duties properly and that the charge was sent to the state agency. *Id.* at 153-54.

agency.  The charge was only dismissed because a lawsuit was already in progress in this Court.

Plaintiff's EEOC charge and the complaint in this action both allege facts supporting jurisdiction in a New York district court as well as in this Court.   Plaintiff's February 23, 2004 charge asserts that Defendant's discriminatory actions took place in both New York and Washington, D.C.  In his Declaration in Support of his Charge of Discrimination, Schuler asserted that Defendant's headquarters are located in New York, New York.  He further attested that Defendant's Board of Partners and Principals (located at PwC headquarters) decides each year which employees shall be promoted to partnership and that it is the Board members who "implement the unlawful policy of PwC by selecting employees for partnership based upon age rather than on abilities and skills, and by excluding [Plaintiff] and other long term older professional employees over the age of 45 from consideration for each promotion in whole or in substantial part because of [their] age."  Nelson Dec., Ex. B.

These allegations show that the discrimination set forth in the complaint occurred in New York as well as in Washington, D.C.  The decision not to promote Plaintiff on the basis of his age was made by Defendant's Board in New York City.  The further implementation and effects of the discrimination were experienced by Plaintiff in Washington, D.C.  Since New York and Washington, D.C. are both appropriate places for Plaintiff to file a charge, the decisions cited by Defendant discussing charge filing in inappropriate states are distinguishable.

In *Freeman v. CSX Transportation, Inc.*, 730 F. Supp. 1084, 1085-86 (M.D. Ala. 1989), the plaintiff filed charges in Florida when the discrimination was only alleged to have occurred in Alabama.  As demonstrated above, plaintiff alleged that the decision to not promote him was made by Defendant's Board of Directors in New York, so that the discrimination occurred in

13

both New York and Washington, D.C.  In *Echard v. Devine*, 726 F. Supp. 1045, 1054 (N.D. W.Va. 1989), the plaintiff filed charges in California when the discrimination was only alleged to have occurred in West Virginia.  Again, Plaintiff did not allege that the discrimination occurred in only one state.

In *Lyda v. American Broadcasting Companies*, 587 F. Supp. 670, 673 (S.D.N.Y. 1984), the Title VII plaintiff filed an EEOC charge of race discrimination in New York.  The Court found that Illinois was the proper state in which to file a charge because New York only had a tangential connection to the case when the plaintiff's termination was caused by WLS-TV officials in Chicago and not by ABC, the parent company, in New York.  *Id.* at 670, 673.  In contrast, Plaintiff herein alleged that the decision not to promote him was made in New York, not by his immediate supervisor in Washington, D.C.

In *Gorman v. Hughes Danbury Optical Systems,* 908 F. Supp. 107 (Conn. 1995) there was no state filing at all.  The plaintiff filed her charge with the EEOC, but the EEOC did not cross-file with the Connecticut FEPA.  *Id.* at 112-13.  Plaintiff Schuler's charge was cross-filed. Marcus Dec., Ex. B., Ex. E.

In *Smith v. General Scanning, Inc.*, 832 F.2d 96, 97 (7th Cir. 1987), the court found that a charge filed in Wisconsin did not meet the ADEA's procedural requirements because the employer was located in Massachusetts and the employee had been terminated in Illinois.  *Id.* at 98.  The Wisconsin agency returned the charge for lack of jurisdiction.  *Id.* at 97.  Schuler alleged that the decision to not promote him to partner was made by Defendant's Board at its headquarters in New York.  His New York charge was not returned for lack of jurisdiction.

Finally, in *DePriest v. Seaway Food Town, Inc.*, 543 F. Supp. 1355, 1357 (E.D. Mich.

14

1982), an age discrimination charge filed in Ohio was dismissed since "all the allegations of discrimination involved the operations of the defendant within Michigan." Plaintiff herein alleged discrimination which occurred in both New York and Washington, D.C. Therefore, Plaintiff properly "commenced" state law proceedings for purposes of fulfilling the ADEA's procedural prerequisites.

### 2.    SCHULER'S EEOC CHARGE WAS FILED WITHIN THE APPLICABLE 300 DAY PERIOD

Defendant argues that the failure to commence state law proceedings means that Plaintiff's February 23, 2006 charge was untimely because the 180 day limit for filing charges would be applicable under 29 U.S.C. § 626(d)(1). Section 626(d)(1) and (d)(2) provide that a charge alleging unlawful discrimination shall be filed:

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Plaintiff's argument in Section 1 above demonstrates that § 633(b) applies because Plaintiff's filing with the New York office of the EEOC did, in fact, commence state law proceedings. As a result, the 300 day limitations period of 29 U.S.C. § 626(d)(2) is applicable. Under this standard, Defendant admits that Plaintiff's charge was filed in time. *See,* Def.'s Memo, p.21 ("his filing with the EEOC on February 23, 2005, some 264 days after the occurrence of his non-promotion in June 2004.").

If the New York office of the EEOC transmitted Plaintiff's charge to the state FEP agency

at or about the time it sent Plaintiff the March 14, 2005 letter informing him that the charge would be cross-filed, then he is still well within the 300 day limit, even counting from the earliest date (June 4, 2004) Defendant alleges that Plaintiff knew he would not be promoted. The period between June 4, 2004 and March 14, 2005 is 283 days.

Courts in referral states routinely apply the 300 day limit.  In *Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir. 1985), the Seventh Circuit decided that the 300-day limit of § 626(d)(2) applies in all cases brought in deferral states. *Id. See also*, *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 329 (2nd Cir. 1999) (ADEA charge was filed timely because: 1) New York is a deferral state under the ADEA, 2) the plaintiff' charge was filed with the EEOC within 300 days of the alleged discrimination, and 3) the EEOC cross-filed the charge with the state agency more than 60 days before the plaintiff filed his civil action); *Jackson v. City of Chicago*, 1996 WL 734701 (N.D.Ill. 1996) (applying 300 day period ); *Ode v. Omtvedt*, 883 F. Supp. 1308, 1316 (Neb. 1995) (same); *Wein v. Westinghouse Electric Corp.*, 1996 WL 11061 *3 (E.D. Pa 1986) (same).

In *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407, 1414 (3rd Cir. 1991), the defendant employer argued, as PwC does here, that the Plaintiff's action is barred because he did not file an administrative charge with the state agency within the 180 day limitation of § 626(d)(1). The court rejected the defendant employer's argument citing previous case law holding that "'a plaintiff in a deferral state is entitled to the extended period [of 300 days] provided by § 626(d)(2) regardless of whether he has filed a state administrative complaint within 180 days after the alleged discrimination occurred." *Id.*  The court went on to expressly reject *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 48, 752 (3rd Cir. 1983), cited by Defendant herein, on

the basis that *Kocian* was decided prior to the adoption of 29 C.F.R. § 1601.13(a)(4) - the regulation explaining how deferrals are made to state FEP agencies. *Colgan*, 935 F.2d at 1415. This Court should likewise decline to consider Defendant's arguments that are based on *Kocian*.

As demonstrated, Plaintiff satisfied the administrative prerequisites set forth in 29 U.S.C. § 626(d) and § 633(b) by filing a charge in the New York EEOC office within 300 days of the discriminatory event, showing the charge was cross-filed, establishing that New York has a state FEP agency, and by demonstrating that discrimination occurred in New York as well as Washington, D.C.

### 3.    SCHULER'S EEOC CHARGE GAVE DEFENDANT PROPER NOTICE OF HIS CLAIMS

The purpose of the administrative prerequisites to the ADEA is not to have a complainant exhaust any administrative remedies. Section 633(b) is not an exhaustion requirement. *Oscar Meyer & Co. v. Evans*, 441 U.S. 750, 761, 99 S. Ct. 2006, 60 L. Ed. 2d 609 (1979). Section 633(b) "is intended only to give state agencies a limited opportunity to settle the grievances of ADEA claimants in a voluntary and localized manner so that the grievants thereafter have no need or desire for independent federal relief." *Id.* at 761. Rather, the purpose of the charge-filing requirement is to give the EEOC sufficient information so that it may notify the employer of the charge, investigate the complainant's allegations, and attempt to stop any unlawful practices through means other than litigation. *Lorillard v. Pons*, 434 U.S. 575, 579-80, 98 S Ct. 866, 55 L.Ed. 2d 40 (1978), *Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 727 (D.C. Cir. 1978) (finding that a charge will support a subsequent law suit which is based on facts that were presented in an earlier charge).

17

Here, the defendant had more than adequate notice of Plaintiff's claim. Defendant has been on notice of Plaintiff's claims since at least March 2001 when C. Westbrook Murphy filed a charge of age discrimination or June 29, 2001 when Plaintiff Schuler filed his first charge of age discrimination. Murphy and Schuler's previous lawsuit, filed on May 20, 2002, and the subsequent litigation following commencement of the suit gave Defendant further notice and knowledge of the exact nature of Plaintiff Schuler's claims. Schuler's February 23, 2005 charge came as no surprise to Defendant since its substantive allegations remained identical to the allegations in the previous charge and lawsuit, except for the years involved and the new class-wide allegations. The notification purposes behind the administrative prerequisites in this case have been more than satisfied.

### 4. THE "SINGLE-FILING" RULE AND MURPHY'S 2005 CHARGE ENSURES SCHULER'S RIGHT TO FILE THIS SUIT

The "timely filing of an administrative charge by a named plaintiff in a class action satisfie[s] the charge filing obligation of all members of the class." *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1056 (2nd Cir. 1990); *Holowecki*, 2006 WL 555368 at *9. The "single filing" rule applies in ADEA cases. *Tolliver*, 918 F.2d at 1057.

> The purpose of the charge filing requirement is fully served by an administrative claim that alerts the EEOC to the nature and scope of the grievance, regardless of whether those with a similar grievance elect to join a preexisting suit *or initiate their own.*

*Id.* (emphasis added).

This district has recognized the validity of the single-filing rule. In *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. 1981), the court held that not every Title VII plaintiff must file an EEOC

charge when the plaintiff's complaint is substantially similar to the complaint of an existing

plaintiff who did file an EEOC charge.  The court reasoned that "the EEOC charge filed by one

of the original plaintiffs served the principal functions of the EEOC filing requirement, enabling

the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation."  *Id.*

at 323.

 Here, C. Westbrook Murphy filed a charge of class-wide charge of age discrimination

with the D.C. Office of the EEOC against Defendant on March 4, 2005.  Marcus Dec., Ex. B.

Via an attached statement, he stated that his charge was filed "on behalf of Murphy and on behalf

of similarly situated PwC professional employees."  Specifically, Murphy alleged that PwC

"[d]enied Complainant and other older PwC non-partner professional employees promotional

opportunities and discriminated in pay and benefits because of their ages. . . .".  Marcus Dec.,

Ex. B.

 He further alleged that "[t]hese discriminatory practices occurred during 2004 at PwC's

offices at 1301 K Street, N.W., Washington, D.C. 20005, and elsewhere throughout the Untied

States, affected Complaint and other PwC employees throughout the United States, and continue

the age-based discriminatory pattern and practices . . .."  Marcus Dec., Ex. B.  His EEOC charge

was cross-filed with the District of Columbia Office of Human Rights.  Marcus Dec., Ex. B.

 Murphy's district court action likewise alleges that a class of older employees have been

discriminated against on the basis of their age in violation of the ADEA and the District of

Columbia Human Rights Act.  Plaintiff Schuler's complaint is substantially similar to Murphy's

claim.  Both allege that they were unlawfully passed over for promotion to partner in the years

2004 and 2005 because Defendant has a policy and practice of not promoting anyone to partner

who is 60 or above. Defendant admits that "Schuler's co-plaintiff in Action I, C. Westbrook

Murphy, commenced Action II in June 2005, asserting essentially the same claims as Schuler

asserts in this action." Def.'s Memo, p. 6 fn3. Therefore, the single-filing rule is applicable.

**B.    SCHULER'S CAUSE OF ACTION UNDER THE DC HUMAN RIGHTS ACT IS TIMELY**

### 1.    PLAINTIFF'S 2004 CLAIM OF NON-PROMOTION IS TIMELY

The running of the one year statute of limitations may be tolled during the pendency of a

timely filed administrative complaint with the DCOHR. D.C. Code § 2-1403.16(a) ("timely

filing of a complaint with the Office, or under the administrative procedures established by the

Mayor pursuant to § 2-1403.03, shall toll the running of the statute of limitations while the

complaint is pending"). A complaint filed with the EEOC that is sent to the DCOHR "is "filed"

with the DCOHR at the time of transmittal." *Vitikacs v. American Legion*, 2003 WL 22004935

*2 (D.C. Super. 2003).

In this case, Schuler's 2005 EEOC charge was not cross-filed with the DCOHR, but

Murphy's class-wide charge of discrimination in violation of the DCHRA was filed with the

DCOHR. Murphy's charge gave notice to the DCHRA that Defendant PwC was engaged in a

pattern or practice of age discrimination against Murphy and all other similarly situated

professional employees of PwC in violation of both the ADEA and the DCHRA. Murphy's

charge of class-wide age discrimination put Defendant on notice that it had to investigate and

prepare a defense to the claim. Thus, the main objective of the statute of limitations - "the

protection of defendants from having to defend against stale claims" - is satisfied by Murphy's

charge. *Vitikacs*, 2003 WL 22004935 at *3.

20

Murphy's charge served to preserve the DCHRA claims of both plaintiffs because where "two claims are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges, then it would be 'wasteful, if not vain', to require separate EEOC filings." *Foster*, 655 F.2d at 1322 (citing and quoting from Judge Griffin Bell in *Oatis v. Crown Zellerbach*, 398 F.2d 496, 498 (5th Cir. 1968)).   The holding of the Court of Appeals in *Foster* is still the law of this Court. *See, e.g., Cook v. Boorstin*, 763 F.2d 1462, 1465 (D.C. Cir. 1985) and *Delgado v. Ashcroft*, 368 F. Supp. 2d 3, 8-9 (D.D.C. 2004).

Moreover, while *Foster* was decided in the context of Title VII, D.C. courts "generally follow Title VII analysis in discrimination cases brought under the DCHRA." *Psychiatric Institute of Washington v. District of Columbia Commission on Human Rights*, 871 A.2d 1146, 1152 fn.2 (2005); *see also*, *Lively v. Flexible Packaging Assoc.*, 830 A.2d 874, 887 (2003).

Murphy's charge was filed on March 4, 2005, well within the one year period of learning he did not make partner on July 1, 2004.  As his charge contained allegations of class-wide discrimination of which Plaintiff Schuler is a member, Plaintiff can maintain his action under the DCHRA for his non-promotion in 2004.

## 2.   PLAINTIFF'S 2005 CLAIM OF NON-PROMOTION IS TIMELY

Even if the DCHRA claim for the 2004 non-promotion is deemed beyond the statute of limitations period, Plaintiff's claim under the DCHRA for the 2005 non-promotion is still valid. The Complaint alleges that Plaintiff Schuler was unlawfully passed over for promotion in 2004 and 2005.  Complaint, ¶2, 39, 41; Def.'s Memo, p.5.  Defendant argues only that Plaintiff's 2004 claim of non-promotion should be dismissed for failure to file suit within the one year statute of limitations of the DC Human Rights Act.  Defendant states that "[s]ince this action was not

21

commenced until December 8, 2005, only claims that accrued on or after December 9, 2004 are timely and actionable." Def.'s Memo, p.4. Plaintiff's claim for unlawful non-promotion arose in the summer of 2005 when he learned he was once again not chosen for partner. Thus, his claim for the 2005 non-promotion is timely under the DCHRA.

## V.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Judgment on the Pleadings.

Dated: March 10, 2006                     ROSE & ROSE, P.C.

                                          /s/ David L. Rose
                                          /s/ Terri N. Marcus
                                          _____
                                          David L. Rose (DCB # 376379)
                                          Terri N. Marcus (DCB# 483175)
                                          Rose & Rose, P. C.
                                          1320 19th St. N. W., Suite 601
                                          Washington DC 20036
                                          (202) 331-8555
                                          Attorneys for Plaintiff Schuler and the Class