# EXHIBIT C

The U.S. Equal Employment Opportunity Commission

# Filing a Charge of Employment Discrimination

Note: Federal employees or applicants for Federal employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

## Who Can File a Charge of Discrimination?

- Any individual who believes that his or her employment rights have been violated may file a charge of discrimination with EEOC.
- In addition, an individual, organization, or agency may file a charge on behalf of another person in order to protect the aggrieved person's identity.

## How Is a Charge of Discrimination Filed?

- A charge may be filed by mail or in person at the nearest EEOC office.
- Individuals who need an accommodation in order to file a charge (e.g., sign language interpreter, print materials in an accessible format) should inform the EEOC field office so appropriate arrangements can be made.
- Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

## What Information Must Be Provided to File a Charge?

- The complaining party's name, address, and telephone number;
- The name, address, and telephone number of the respondent employer, employment agency, or union that is alleged to have discriminated, and number of employees (or union members), if known;
- A short description of the alleged violation (the event that caused the complaining party to believe that his or her rights were violated); and
- The date(s) of the alleged violation(s).
- Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

## What Are the Time Limits for Filing a Charge of Discrimination?

All laws enforced by EEOC, except the Equal Pay Act, require filing a charge with EEOC before a private lawsuit may be filed in court. There are strict time limits within which charges must be filed:

- A charge must be filed with EEOC within 180 days from the date of the alleged violation, in order to protect the charging party's rights.
- This 180-day filing deadline is extended to 300 days if the charge also is covered by a state or local anti-discrimination law. For ADEA charges, only state laws extend the filing limit to 300 days.
- These time limits do not apply to claims under the Equal Pay Act, because under that Act persons do not

have to first file a charge with EEOC in order to have the right to go to court. However, since many EPA claims also raise Title VII sex discrimination issues, it may be advisable to file charges under both laws within the time limits indicated.

- To protect legal rights, it is always best to contact EEOC promptly when discrimination is suspected.
- Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

## What Agency Handles a Charge that is also Covered by State or Local Law?

Many states and localities have anti-discrimination laws and agencies responsible for enforcing those laws. EEOC refers to these agencies as "Fair Employment Practices Agencies (FEPAs)." Through the use of "work sharing agreements," EEOC and the FEPAs avoid duplication of effort while at the same time ensuring that a charging party's rights are protected under both federal and state law.

- If a charge is filed with a FEPA and is also covered by federal law, the FEPA "dual files" the charge with EEOC to protect federal rights. The charge usually will be retained by the FEPA for handling.
- If a charge is filed with EEOC and also is covered by state or local law, EEOC "dual files" the charge with the state or local FEPA, but ordinarily retains the charge for handling.

## How Is a Charge Filed for Discrimination Outside the United States?

U.S.-based companies that employ U.S. citizens outside the United States or its territories are covered under EEO laws, with certain exceptions. An individual alleging an EEO violation outside the U.S. should file a charge with the district office closest to his or her employer's headquarters. However, if you are unsure where to file, you may file a charge with any EEOC office.

For answers to common questions about how EEO laws apply to multinational employers, please see:

- The Equal Employment Opportunity Responsibilities of Multinational Employers
- Employee Rights When Working for Multinational Employers

---

*This page was last modified on August 13, 2003.*

 Return to Home Page

# EXHIBIT D

## EXTENSION

### FY 2004 WORKSHARING AGREEMENT

### WORKSHARING AGREEMENT
### BETWEEN

### NEW YORK STATE DIVISION OF HUMAN RIGHTS

### AND

### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### FOR FISCAL YEAR 2004

THIS AGREEMENT SHALL OPERATE FROM THE FIRST (1st) DAY OF OCTOBER 2003 TO THE THIRTEITH (30th) DAY OF SEPTEMBER 2004

ATTACHMENT A

WORKSHARING AGREEMENT FOR FY 2004

**FY 2001 EEOC/FEPA WORKSHARING AGREEMENT**

**WORKSHARING AGREEMENT**
**BETWEEN**

New York State Division of Human Rights

and

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**FOR FISCAL YEAR 2001**

I. INTRODUCTION

  A. The <u>New York State Division of Human Rights</u>, hereinafter referred to as the FEPA, has jurisdiction over allegations of employment discrimination filed against employers of <u>(4)</u> or more employees occurring within <u>State of New York</u> based on race, color, creed, sex, age, national origin, disability, marital status, and arrest record and convictions pursuant to New York Executive Law, Article, 290-301, as amended.

  The Equal Employment Opportunity Commission, hereinafter referred to as EEOC, has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000(e)) (hereinafter referred to as Title VII). EEOC has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act (ADEA) of 1967, as amended (29 U.S.C.§ 621 et.seq.), for unequal wages based on sex under the Equal Pay Act of 1963 (29 U.S.C.§ 206), and over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1991,(42 U.S.C. § 12101).

  B. In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate New York State and Federal laws.

II. **FILING OF CHARGES OF DISCRIMINATION**

A.  In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both EEOC and the FEPA for the purposes of Section 706 (c) and (e)(1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge.

B.  The FEPA shall take all charges alleging a violation of Title VII, ADEA, EPA, or the ADA where both the FEPA and EEOC have mutual jurisdiction, or where EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III. A. 1. below, refer them to the EEOC for initial processing.

C.  Each Agency will inform individuals of their rights to file charges directly with the other Agency and or assist any person alleging employment discrimination to draft a charge in a manner which will satisfy the requirements of both agencies to the extent of their common jurisdiction.

A charge filed first with the FEPA will be investigated and/or resolved by the FEPA. Charges may only be transferred between the EEOC and the New York State Division of Human Rights, if the charging party or his/her representative provide the EEOC with written and compelling reasons for such a transfer request. EEOC will determine whether to approve or disapprove such requests. Each agency will advise Charging Parties that charges will be resolved by the agency taking the charge, except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III.(DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES).

Charges that are received by the New York State Division of Human Rights, whether in person or by mail, and jurisdictional with the EEOC and timely filed by the charging party or his/her representative will be automatically dual-filed with the EEOC and visa or versa. The date the charge was received will be the date of filing.

D.  For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form which within statutory limitations, is acceptable in form and content to EEOC and the New York State Division of Human Rights to draft charges. When a charge is taken based on disability, the nature of the disability shall not be disclosed on the face of the charge, unless the applicable state statute requires such disclosures.

E. Within ten calendar days of receipt, each Agency agrees that it will notify both the Charging Party and Respondent of the dual-filed nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, State, or Local statutes.

III. DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES

In recognition of the statutory authority granted to the FEPA by Section 706(c) and 706(d) of Title VII as amended; and by Title I of the Americans with Disabilities Act, and the transmittal of charges of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, the primary responsibility for resolving charges between the FEPA and the EEOC will be divided as follows:

A. EEOC and the FEPA will process all Title VII, ADA, and ADEA charges that they originally receive.

1. The FEPA waives its right of exclusive jurisdiction to initially process all charges for a period of 60 days. This waiver is to allow the EEOC to proceed immediately with the processing of charges originally received by the EEOC and charges to be initially processed by the EEOC prior to the expiration of 61 days, and to ensure that charging parties in all co-jurisdictional charges initially filed with the FEPA are timely dual filed with the EEOC.

2. In addition the EEOC will initially process the following charges:

- All concurrent Title VII/EPA charges;

-- All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision making process;

-- All charges filed by EEOC Commissioners;

-- Charges also covered by the Immigration Reform and Control Act;

-- Complaints referred to EEOC by the Department of Justice, Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 CFR § 1640, 1641, and 1691;

-- Any charge where EEOC is a party to a Conciliation Agreement or a Consent Decree which, upon mutual consultation and agreement, is relevant to the disposition of the charge. The EEOC will notify the FEPA of all Conciliation Agreements and Consent Decrees which have features relevant to the disposition of subsequent charges;

-- Any charge alleging retaliation for filing a charge with EEOC or for cooperating with EEOC; and

-- All charges against Respondents which are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

2. The FEPA will initially process the following types of charges:

-- Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

-- Any charge where the FEPA is a party to a Conciliation Agreement or a Consent Decree which, upon mutual consultation and agreement, is relevant to the disposition of the charge. The FEPA will provide the EEOC with an on-going list of all Conciliation Agreements and Consent Decrees which have features relevant to the disposition of subsequent charges;

-- All charges which allege more than one basis of discrimination where at least one basis is not covered by the laws administered by EEOC but is covered by the FEPA Ordinance, or where EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but FEPA can process that charge.

-- All charges against Respondents which are designated for initial processing by FEPA in a supplementary memorandum to this Agreement; and

-- All disability-based charges against Respondents over which EEOC does not have jurisdiction.

B. Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

C. Each Agency will on a quarterly basis notify the other of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list a copy of the new charge will be sent to the other Agency's litigation unit within 5 working days.

IV.  **EXCHANGE OF INFORMATION**

A. Both the FEPA and EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information which may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information, case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information. With respect to all information obtained from EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, ADEA, and ADA.

B. In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

V.  **RESOLUTION OF CHARGES**

A. Both agencies will adhere to the procedures set out in EEOC's State and Local Handbook, including current revisions thereto.

B. For the purpose of according substantial weight to the FEPA final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements; including, but not limited to:

   1. jurisdictional requirements,

   2. investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

   3. relief, if appropriate,

   4. mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing or consent orders to which the FEPA is a party.

C. In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

D. For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the charging party has no administrative recourse, appeal, or other avenue of redress available under applicable State and Local statutes.

10-2001 .11:10 . From-                                           T-253  P.007/007  F-457

VI. IMPLEMENTATION OF THE WORKSHARING AGREEMENT

A. Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FEPA will be Judith Butcher, Federal Contract Unit Director. The liaison official for the EEOC will be Joseph Alvarado, State and Local Program Manager.

B. The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C. EEOC will provide original forms to be copied by the FEPA, in accordance with the Regulations and the Compliance Manual to be used by the FEPAs in correspondence with Charging Parties and Respondents.

D. If a dispute regarding the implementation or application of this agreement cannot be resolved by the FEPA and District Office Director, the issues will be reduced to writing by both parties and forwarded to the Director of the Office of Field Programs for resolution.

E. This Agreement shall operate from the first (1st) day of October 2000 to the thirtieth (30th) day of September 2001 and may be renewed or modified by mutual consent of the parties.

I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date 2/30/01    _____
                Spencer H. Lewis Jr., District Director
                Equal Employment Opportunity Commission
                New York District Office

Date 2/12/01    _____
                Yvonne Jennings Tolbert
                Acting, Commissioner
                New York State Division of Human Rights

Attachment 4

# FY 2004 EXTENSION OF WORKSHARING AGREEMENT

Inasmuch as there have been no substantive changes in the processes, procedures, statutes, policies or regulations that would adversely affect or substantially alter the worksharing arrangement between the EEOC New York District Office and the New York State Division of Human Rights, or that would affect the processing of charges filed under the pertinent Federal, State or Local statutes, the parties agree to extend the current worksharing agreement that was executed on August 20, 2002 through the FY 2004 Charge Resolution Contract Option Period. This agreement, as well as the attendant Worksharing Agreement may be reopened and amended by mutual consent of the parties.

_____
For the FEPA

Oct. 2, 2003
Date

_____
For the EEOC District Office

10/3/03
Date