UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| HAROLD D. SCHULER )<br>)<br>Plaintiff, )<br>)<br>On Behalf of Himself and Other Similarly )<br>Situated older employees )<br>)<br>v. )<br>)<br>PRICEWATERHOUSECOOPERS, LLP )<br>)<br>Defendant. ) | Civil Case No. 05cv2355 (RJL) |

## MEMORANDUM OPINION
(September 28 2006) [#9]

Plaintiff, Harold D. Schuler ("Schuler"), an employee of PricewaterhouseCoopers, LLP ("defendant"), alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.* Currently before this Court is defendant's motion for judgment on the pleadings. Upon consideration of the defendant's motion and the entire record herein, the Court GRANTS defendant's motion for judgment on the pleadings.

## BACKGROUND

Schuler, a Managing Director at defendant's Washington, D.C. office, filed the Complaint in this action on December 8, 2005. He asserts that defendant "refus[ed] to promote Schuler and other qualified older professional employees" to partner on July 1, 2004 and July 1, 2005 because of their age.[1] (Compl. ¶ 2.) In that regard, he further alleges that defendant's "Partners and Principals Agreement" requires partners to retire at age 60, and that, because the company prefers its partners to work at least 20 years in that position, the policies "prevent[] the vast majority of [professional employees] from being considered for a promotion to partner after they attain age 40." Accordingly, he concludes that "[t]heir chances of being promoted to partnership decline even more sharply after they attain age 45." (Compl. ¶ 19; see Compl. ¶ 1.) Defendant's partnership promotions go into effect on July 1 of each year, (Compl. ¶ 16; Answer ¶ 16), and Schuler was not among those promoted in either 2004 or 2005. (Compl. ¶¶ 2, 39.)

Based upon these non-promotions, Schuler filed a charge of discrimination with the New York City field office of the U.S. Equal Employment Opportunity Commission ("EEOC") on February 23, 2005. (Compl. ¶ 44; Answer Ex. B at 4-9; Marcus Decl. Ex. A.) On the charge form, Schuler indicated that his was a "Class Action Charge," that the latest act of discrimination by defendants took place on "July 1, 2004 or later," and that Schuler wanted the charge filed with the "New York City (NY) Commission Human Rights, and New

---

[1] Schuler alleges that he is older than the age of 40 at all times relevant to this action. (Compl. ¶ 3.)

York State Div. of Human Rights, and EEOC." (Answer Ex. B at 4; Marcus Decl. Ex. A at 4.) Consistent with this request, Schuler wrote above the signature line on the charge form: "I want this Class Action Charge filed with both the EEOC and the State and local Agency, if any." (Answer Ex. B at 4; Marcus Decl. Ex. A at 4.) Yet, Schuler's Declaration that was attached and referred to in the charge instructed that "[t]his complaint should be CROSS FILED WITH THE HUMAN RIGHTS AGENCIES OF NEW YORK CITY, THE STATE OF NEW YORK, AND WASHINGTON, D.C." (Answer Ex. B at 9; Marcus Decl. Ex. A at 9.) On March 14, 2005, Schuler received a letter acknowledging receipt of his charge from the EEOC's New York District Office. (Marcus Decl. Ex. A; *see* Compl. ¶ 45.) The letter indicated that the charge was subject to the ADEA, and informed Schuler that he "need do nothing further at this time." (Marcus Decl. Ex. A at 2.) The letter further informed him that the EEOC would send a copy of the charge to the New York State Division of Human Rights. (*Id.*) No other state agencies were listed. (*See id.*) On April 28, 2005, the EEOC's New York District Office informed Schuler that the EEOC was dismissing his charge because a case was pending in this Court. (Answer Ex. C at 1.)[2]

---

[2] Although the letter did not specify which case precipitated the dismissal, presumably it was *Murphy v. PricewaterhouseCoopers, LLP*, Case No. 02cv982 (RJL). On May 20, 2002, Schuler and another employee of PricewaterhouseCoopers, C. Westbrook Murphy, filed an age discrimination complaint against PricewaterhouseCoopers claiming, in relevant part, that the company had wrongfully passed them both over for promotion to partner in 2000 and 2001 on the basis of their age. (Compl. ¶ 2.) *See Murphy v. PricewaterhouseCoopers, LLP*, 357 F. Supp. 2d 230 (D.D.C. 2004) (Leon, J.). In that case, each plaintiff filed charges with the District of Columbia Office of Human Rights ("DCOHR") and with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 235-36. On September 27, 2004, this Court dismissed all claims brought under the Human Rights Law of New York ("NYHRL"), N.Y. Exec. Law § 290, *et seq.*,

On June 30, 2005, plaintiff and defendant agreed "to toll the period of limitations" while the parties sought resolution of plaintiff's claims in mediation. (Compl. ¶ 47; Nelson Decl. Ex. C at 3-4.) The mediation efforts were apparently unsuccessful, because on December 8, 2005 plaintiff filed the current suit in this court claiming age discrimination by defendant in violation of the ADEA and the DCHRA.

## ANALYSIS

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Under Rule 12(c), any party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A motion for judgment on the pleadings shall be granted if the moving party demonstrates that "no material fact is in dispute and that it is 'entitled to judgment as a matter of law.'" *Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quoting *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)). In considering a motion for judgment on the pleadings, the Court should "accept as true the allegations in the opponent's pleadings" and "accord the benefit of all reasonable inferences to the non-moving party." *Id.* (internal quotation marks omitted).

---

on the grounds that "[f]or a non-resident [of New York] to assert a claim under this statute, he must allege that the actual impact of the discriminatory act was felt in New York." *Id.* at 244. Murphy, meanwhile, has brought another age discrimination case against PricewaterhouseCoopers that is currently pending before this Judge. *See* Case No. 05cv1054 (RJL).

In this case, Schuler alleges two discrete incidents of discrimination occurring on July 1, 2004 and July 1, 2005 respectively. Because "'each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice' for which an administrative charge must be filed," *Murphy*, 357 F. Supp. 2d at 239 (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002)), this Court must consider each incident independently. *See id.*; *Jarmon v. Powell*, 208 F. Supp. 2d 21, 29 (D.D.C. 2002) (citing *Morgan*, 536 U.S. at 114).

## II. Schuler's ADEA Claims

Congress conferred federal courts with subject matter jurisdiction over ADEA claims by statute, and that statute requires aggrieved parties to exhaust their administrative remedies *before* filing suit in federal court. *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998). Moreover, "[a] 'discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence . . . but separately considered, it is merely an unfortunate event in history which has no present legal consequences.'" *Murphy*, 357 F. Supp. 2d at 239 (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

Schuler alleges that defendant discriminated against him on July 1, 2004 and again on July 1, 2005, by failing to promote him to partner in the District of Columbia office of PricewaterhouseCoopers because of his age. Yet, as to the 2004 claim, Schuler filed this

claim only with the New York City field office of the EEOC, but not the appropriate state agency in the District of Columbia. Because the District of Columbia is a so-called "deferral state," a "State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," Schuler additionally was required to file a charge with the appropriate District of Columbia agency. *Rendon v. District of Columbia*, No. 85-3899, 1986 WL 15446, at *2 (D.D.C. Nov. 19, 1986) ("Because the District of Columbia is a deferral state, . . . plaintiff must first file charges with the [DC]OHR before commencing proceedings with the EEOC.").

Indeed, the Supreme Court has held that under § 633(b) of the ADEA, filing in a deferral state is mandatory, because § 633(b) is intended to "screen from the federal courts those discrimination complaints that might be settled to the satisfaction of the grievant in state proceedings." *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756-58 (1979); *see also Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991). Therefore, Schuler's failure to file a charge with the DCOHR, regardless of his filing with the NYDHR, resulted in the failure to exhaust his administrative remedies. Accordingly, this Court will dismiss Schuler's ADEA claim for 2004.

As to Schuler's July 1, 2005 claim, he fails to allege that he ever filed such a charge with the EEOC prior to the expiration of the 300-day statute of limitations (*i.e.* April 27, 2006). Without this filing, his ADEA count for 2005 also must be dismissed for his failure

to exhaust his administrative remedies. Accordingly, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's ADEA claim for 2005 will be summarily dismissed.

### III.  Schuler's DCHRA Claims

Finally, Schuler also alleges that defendant violated certain provisions of the DCHRA. *See* D.C. Code § 2-1401.01 *et seq.* A federal district court may exercise supplemental jurisdiction over a plaintiff's state law claims if they are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The decision to exercise supplemental jurisdiction, however, is discretionary. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005), *cert. denied*, 126 S. Ct. 1337, 164 L. Ed. 2d 53 (2006) (citing *United Mine Workers Ass'n v. Gibbs*, 383 U.S. 715, 726 (1966)). When evaluating the factors to be considered in deciding whether or not to decline the exercise of supplemental jurisdiction, judicial economy, convenience, fairness, and comity are relevant. *Edmonson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that these factors at the motion to dismiss stage do not favor the federal court exercising supplemental jurisdiction over remaining state law claims following dismissal of the federal claims).

In this case, the Court's original jurisdiction is over Schuler's ADEA claims. He has implicitly requested that the Court exercise supplemental jurisdiction over his DCHRA claims. Considering that the Court has dismissed Schuler's ADEA claims, however, it would be left with purely state law issues if Schuler's DCHRA claims were permitted to go forward.

At this early stage of the lawsuit, it would not be an efficient use of judicial resources to exercise supplemental jurisdiction over these claims. *See Edmonson & Gallagher*, 48 F.3d at 1266. Accordingly, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's DCHRA claims for 2004 and 2005 are dismissed without prejudice pursuant to U.S.C. § 1367(c)(3). An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge