UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. SCHULER<br><br>Plaintiff,<br><br>On Behalf of Himself and Other Similarly Situated Older Employees<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP | Civil Case No. 05cv2355 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES in SUPPORT OF PLAINTIFF'S MOTION to ALTER and AMEND**

The Supreme Court ruled on July 22, 2006, that §14(b) of the ADEA, 29 U.S.C. § 633(b) "explicitly does not require timely commencement" and it "does not entail compliance with any other state procedural rule." Woodford v. Ngo, 126 S.Ct. 2378, 2390 (2006).

This Court's Memorandum Opinion of September 28, 2006 is expressly based upon the Plaintiff's "failure to exhaust administrative remedies" and timely file with the District of Columbia Office of Human Rights(DCOHR) as well as the EEOC. Opinion at 5-6. That ruling is inconsistent with the reasoning and ruling of the Supreme Court and it should be vacated. Id. In addition, this Court's ruling suggests that exhaustion of administrative remedies is jurisdictional. Opinion at 5. That suggestion is also contrary to governing precedent. Zipes v. Trans World Airlines, 455 U.S. 385, 389 (1982); Sykes v. James, 2005 WL 3544294 (D.D.C.). The grant of a Judgment on the Pleadings before discovery in this case is premature. Chappel-Johnson v.

Powell, 440 F.3d. 484, 487 (C.A.D.C. 2006).

**Administrative Proceedings**

In this case the Plaintiff sent his charge of age discrimination under the ADEA against Defendant PwC to the New York, New York office of the EEOC on February 22, 2005 and attached as a part of it his Declaration in Support of His Charge of Discrimination. The charge requested that "This complaint be CROSS FILED WITH THE HUMAN RIGHTS AGENCIES ON NEW YORK, THE STATE OF NEW YORK, AND WASHINGTON, D.C." Complaint and Declaration, page 4, Declaration p. 4-9. PwC's headquarters is located in New York city and its Board meets there. Plaintiff sent the documents he filed with the EEOC by fax to the attorneys for PwC on February 22, 2005 and both documents were attached to the Defendant's Answer. Exhibits p. 4-9. Plaintiff received notice of right to sue dated April 28, 2005 and a few days later the parties agreed to toll the period of limitations while they engaged in formal mediation with an appropriate mediator. Mediation failed in late September 2005. The Plaintiff filed his Summons and Complaint in the U.S. District Court for the District of Columbia on December 8, 2005 within the waiting period agreed to by the parties in order to conduct mediation.

**Argument**

**I. THE FINAL JUDGEMENT SHOULD BE VACATED IN LIGHT of the INTERVENING DECISION of the SUPREME COURT in Woodford v. Ngo, 126 S.Ct. 2378 (2006).**

A motion under Rule 59(e) of the Federal Rules of Civil Procedure is appropriate where there is "an intervening change of controlling law, or the need to correct a clear error or prevent manifest injustice." Zyko v. Department of Defense, et. al, 180 F. Supp. 2d 89, 91 (D.D.C.

2001); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). [1] The change in controlling law is the decision in Woodford v. Ngo, *supra* 126 S.Ct. at 2390. In interpreting §14(b) of the ADEA, 29 U.S.C. § 633(b) the Court ruled that "This provision makes no reference to the exhaustion of state remedies, only to the 'commence[ment]' of state proceedings, and this provision leaves no doubt that proper commencement of those proceedings is not required." Id. The Court added that §14(b) "does not entail compliance with any other state procedural rule, including a deadline for initiating the state proceeding."Id.[2]

This Court's decision that Schuler's claim filed with the EEOC in February 2005 is untimely because it was not filed in the District of Columbia is inconsistent with the Supreme Court's decision because it states that Schuler failed to exhaust all his administrative proceedings and that his filing with the state agency was untimely. Woodford v. Ngo, *supra* 126 S.Ct. at 2390. Therefore, this Court should alter and vacate the Final Judgment entered on September 28, 2006, and permit this case to proceed with discovery.

## II. THE EXHAUSTION OF EEOC PROCEEDINGS IS NOT JURISDICTIONAL UNDER TITLE VII and the ADEA.

A timely charge of discrimination with the EEOC is not jurisdictional in a suit to enforce federal EEO rights, but is a prerequisite that, like a statute of limitations, is subject to waiver,

---

[1] In this case, PwC's Motion for Judgment on the Pleadings was filed on February 18, 2006. Plaintiff's Opposition was filed on March 10, 2006 and the Reply Brief was filed on March 31, 2006, so that neither party knew of the Supreme Court's decision in Woodford v. Ngo, 126 S.Ct. 2378 (2006). This Court's Memorandum Opinion and Order was rendered on September 28, 2006, about three months after the Supreme Court's decision.

[2] Even before that recent in ruling there was authority for the proposition that if no notice had been given to the state co-parties should so notify the state agency or continue judicial proceedings thereafter. Overgard v. Cambridge Book Company, 858 F.2d 371, 374 (7th Cir. 1988).

estoppel, and equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  That principle is also applicable to Schuler because he properly filed his charge of age discrimination with the EEOC and requested that charge be filed with the DCOHR and with the New York Division of Human Rights (NYDHR).  There is no requirement that before a Plaintiff files an ADEA claim in a federal court he timely file with the EEOC or he personally exhaust state administrative proceedings in a state agency.  Fowler v. District of Columbia, 122 F.Supp. 2d 37, 42 (D.D.C. 2000).

The EEOC has a workshare agreement which permits Plaintiffs to file with the EEOC and avoid filing the same charge with a state agency.  Fowler v. District of Columbia, *supra* 122 F.Supp. 2d 37 at 42.  The EEOC regulations state "[i]f a charge is filed with the EEOC and covered by state law or local law the EEOC 'dual files the charge with the state or local FEPA, but ordinarily retains the charge for handling.'" See <http:// www.eeoc. gov/facts/ qanda.html> ("'Federal Laws Prohibiting Job Discrimination: Questions and Answers'").  Fowler v. District of Columbia, *supra* 122 F.Supp. 2d at 42.  Therefore, Schuler was not required to make three separate filings.  The errors or omissions of the EEOC are not an appropriate basis for treating a charge filed with it as untimely.  Holowecki, et. al v. Federal Express Corp., 440 F.3d 558, 567 (2nd Cir. 2006).

The Plaintiff filed his ADEA charge with EEOC on February 22, 2005.  His charges included a request that EEOC cross-file with the DCOHR and the NYDHR.  The Plaintiff filed his ADEA claim in this court on December 8, 2005 well beyond the sixty day waiting period as required by 29 U.S.C. § 633 (b).  He was not required to file timely under State law nor exhaust state administrative remedies in NY or DC as a jurisdictional basis, for filing his December 8,

4

2005 complaint.[3]  Therefore this Court should grant this motion and vacate the Final Judgment.

This Court may also be grant the Plaintiff 20 days to re-file a charge with the DCOHR and remedy any filing imperfections that this Court deems exist.  Overgard v. Cambridge Book Company, 858 F.2d 371, 374 (7th Cir. 1988).  Upon filing with the DCOHR the Plaintiff should be permitted to proceed with this case based on the timely filed EEOC charges in February 2005 and earlier.

### III. THE GRANT of the JUDGMENT AGAINST the PLAINTIFF PRIOR TO DISCOVERY IS PREMATURE.

Consideration of summary judgment before discovery is premature in the absence of a time period which is apparent from the pleadings.  Chappel-Johnson v. Powell, 440 F.3d 484 (C.A.D.C. 2006).  In this case Schuler has not had an opportunity to any deposition and did not receive much of the discovery he sought.  By agreement the parties extended discovery to November 1, 2006.  Neither the Plaintiff nor the Court has had a chance to review the documents contained in PwC's files.  The Final Judgment entered is premature and should be vacated to allow the completion of discovery so that the Plaintiff has the opportunity to establish the merits of his claim in opposition to any motion for summary judgment by PwC, or to allow a jury to do so after trial.  Moreover, no motion to dismiss should be granted "it appears with a certainty that no set of facts could be proven which would entitle a plaintiff to any relief."  Meyers v. ABN Amro Mortgage Group, Inc. 2005 WL 2396991, 3 (E.D. Mich.); *see also* Swierkiewicz v. Sorema, 122 S.Ct. 922, 997 (2002).

---

[3]Prior precedents in this and other Federal Courts rendered prior to June 22, 2006 that require exhaustion of state remedies to establish jurisdiction of an ADEA claim in the private sector were overruled by Woodford v. Ngo, *supra*.

**Conclusion**

For the reasons set forth above this Court should grant this motion to alter and amend and enter on Order of the kind submitted herewith.

                                                      /s/ David L. Rose
                                                      David L. Rose, Esq., #376379
                                                      Rose & Rose, PC
                                                      1320 19th Street, NW, Suite 601
                                                      Washington, DC 20036
                                                      (202) 331-8555
                                                      Attorney for the Plaintiff Schuler