UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. SCHULER,<br>    Plaintiff,<br><br>On Behalf of Himself and Other<br>Similarly Situated Older Employees<br><br>    v.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>    Defendant. | Civil Case No. 05cv2355 (RJL) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND**

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this memorandum in opposition to plaintiff Harold D. Schuler's ("Schuler") motion to alter or amend the final judgment (Docket No. 17) entered in favor of PwC on its motion for judgment on the pleadings (Docket No. 9).

**I.   Woodford v. Ngo is Not a Change of Controlling Law**

Schuler's motion is predicated on the contention that the decision of the Supreme Court in Woodford v. Ngo, 126 S.Ct. 2378 (2006), is an "intervening change of controlling law" (Pl. Mem., Docket No. 17 at 2-3). However, Woodford does not change the law applicable to this action under the Age Discrimination in Employment Act ("ADEA"), and is not otherwise controlling. Rather, the decision construes a provision of the Prison Litigation Reform Act ("PLRA"), and briefly discusses a provision of the ADEA in dicta.

In distinguishing the PLRA administrative exhaustion requirement from § 14(b) of the ADEA (29 U.S.C. § 633(b)), the Woodford Court cited and discussed the Supreme Court's

earlier decision in Oscar Mayer & Co. v. Evans, 441 U.S. 750 (1979). Nothing in the Woodford dicta on this point in any way changes the Oscar Mayer decision, and does not purport to do so (see Woodford, 126 S.Ct. at 2390). The Oscar Mayer decision was cited extensively and discussed at length in support of PwC's motion (see Docket No. 9 at 2-3, 10-11), cited in Schuler's opposition (Docket No. 12-1 at 17), and cited again in PwC's reply (Docket No. 13 at 10-11).

The Memorandum Opinion of this Court notes the Oscar Mayer holding "that, under § 633(b) of the ADEA, filing in a deferral state is mandatory" (Docket No. 15 at 6), a holding which is similarly noted in Woodford (126 S.Ct. at 2390) (§ 633(b) "requires the commencement of state proceedings"). This Court's dismissal of Schuler's ADEA claim was predicated on "Schuler's failure to file a charge with" or otherwise commence proceedings in the District of Columbia Office of Human Rights ("DCOHR") (Docket No. 15 at 6). On this motion to alter or amend, Schuler misstates that decision, asserting incorrectly that this Court dismissed his claim because "his filing with the state agency was untimely" (Docket No. 17 at 3) (emphasis supplied). This case involves a failure to make the appropriate state law filing, not a mere failure to file on time.

## II.  There is No Basis for Equitable Relief

Schuler moves, in the alternative, for leave to now file, for the first time, with the DCOHR (Docket No. 17-1), an issue not addressed in Woodford. On this point, Schuler is attempting improperly to use Rule 59(e), Fed.R.Civ.P., as "a vehicle for presenting theories or arguments that could have been advanced earlier" (see Zyko v. Department of Defense, 180 F.Supp.2d 89, 91 (D.D.C. 2001) (citation omitted)). In support of its motion for judgment on the

pleadings, PwC extensively briefed the absence of any equitable grounds warranting the granting of leave to file with the DCOHR (Docket No. 9 at 3-4, 11-16).

The record thus reflects a deliberate decision, through Schuler's retained counsel, to bypass the DCOHR (id. at 3-4, 7-8, 13-14). In his opposition memorandum, Schuler did not take issue with any of the authorities cited by PwC on this point, did not deny that he was represented by experienced legal counsel who made a deliberate decision to commence administrative proceedings in New York, did not seek leave to file with the DCOHR, and did not even attempt to argue an equitable basis for any such relief (see Docket No. 12-1). While now belatedly seeking leave to file with the DCOHR, Schuler makes no showing of the requisite equitable grounds for such relief (see Docket No. 9 at 3-4, 11-16).[1] In any event, having failed to advance this argument earlier (see Docket No. 13 at 3), it is improper for Schuler to raise it now on a Rule 59(e) motion (see Zyko, 180 F.Supp.2d at 91).

Further, to the extent Schuler seeks to rely on a purported "workshar[ing] agreement" (Docket No. 17 at 4), he is merely attempting to improperly reargue a point previously presented (see Docket No. 12-1 at 11). Indeed, the point was extensively briefed on the underlying motion for judgment on the pleadings (see Docket No. 9 at 17-21; Docket No. 13 at 1, 8-10). See Zyko, 180 F.Supp.2d at 91, citing New York v. United States, 880 F.Supp. 37, 38 (D.D.C. 1995) (Rule 59(e) motion cannot merely reargue previous factual and legal assertions).

### III.   Judgment was Not Premature

Schuler's final contention that consideration of PwC's motion for judgment on the pleadings was "premature" in the absence of discovery (Docket No. 17 at 5, citing Chappel-

---

[1] Plaintiff's citation to Overgard v. Cambridge Book Co., 858 F.2d 371, 373-75 (7th Cir. 1988), is of no avail since that case reaffirmed Smith v. General Scanning, Inc., 832 F.2d 96, 99-100 (7th Cir. 1987), on which PwC relied for the fundamental rule that a showing of equitable grounds is required for the belated relief Schuler now seeks (see Docket No. 9 at 11-12, 15).

3

Johnson v. Powell, 440 F.3d 484 (D.C. Cir. 2006)), is wholly lacking in merit for several reasons. First, Chappel-Johnson did not involve a motion for judgment on the pleadings, but a grant of summary judgment on the merits of a discrimination complaint prior to joinder of issue. Second, the plaintiff in that case moved for discovery in opposition to the motion for summary judgment, making the requisite showing under Rule 56(f), Fed.R.Civ.P. (id. at 486, 489). Third, apart from failing to request discovery in opposition to PwC's motion for judgment on the pleadings, the motion was based on the allegations of Schuler's complaint, which were assumed true. Fourth, the pertinent facts concerning Schuler's administrative filings are within his exclusive knowledge, and Schuler does not suggest what discovery from PwC might have a bearing on any of the issues raised by PwC's motion. Fifth, this Court properly recited and applied the standard for considering a motion for judgment on the pleadings (see Docket No. 15 at 4).

      Finally, even assuming arguendo that there was merit to any of Schuler's contentions on this motion, that would nonetheless provide an insufficient basis to alter or amend the final judgment entered in favor of PwC. Schuler fails to recognize or acknowledge that PwC presented alternative grounds for judgment dismissing each of Schuler's claims (see Docket No. 9 at 21-25, 26-29), which grounds the Court did not reach in its Memorandum Opinion granting PwC's motion (see Docket No. 15). Accordingly, to warrant alteration or amendment of the final judgment, those alternative grounds would also have to be addressed and decided against PwC.

## Conclusion

For the foregoing reasons, it is respectfully submitted that plaintiff Schuler's motion to alter or amend should be, in all respects, denied.

Dated: New York, New York
October 23, 2006

WINSTON & STRAWN LLP

/s/ Eric M. Nelson
Eric M. Nelson (*pro hac vice*)
Stephen L. Sheinfeld (*pro hac vice*)
200 Park Avenue
New York, New York  10166
(212) 294-6700
fax: (212) 294-4700

Julie A. Klusas Gasper (#D00244)
1700 K Street, N.W.
Washington, D.C.  20006
(202) 282-5000
Fax: (202) 282-5100

Attorneys for Defendant