UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. SCHULER, <br><br>　　Plaintiff, <br><br>On Behalf of Himself and Other Similarly Situated Older Employees <br><br>　　　　v. <br><br>PRICEWATERHOUSECOOPERS, LLP | Civil Case No. 05cv2355 (RJL) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO ALTER OR AMEND**

Plaintiff submits this reply in response to three points in Defendant's memorandum in opposition to Plaintiff's motion.

**I.　THE REASONING OF THE SUPREME COURT in WOODFORD v. NGO, 126 S.Ct. 2378 (2006) IS APPLICABLE TO THIS CASE.**

The Supreme Court's analysis of §14(b) of the ADEA and 29 U.S.C. §633(b) is part of its reasoning for the holding in Woodford v. Ngo, 126 S. Ct. 2378 (2006). The Court states that §14(b) of the ADEA and 29 U.S.C. § 633(b) "makes no reference to the exhaustion of state remedies, only to the commencement of state proceedings, and this provision leaves no doubt that proper commencement of those proceedings is not required." 126 S. Ct. at 2390. The Court's holding is contrary to the contention asserted in Defendant's Memorandum of Points and Authorities In Opposition to Plaintiff's Motion to Alter or

Amend. (Defendant's Memorandum of Points and Authorities In Opposition to Plaintiff's Motion to Alter or Amend, p. 1)

The respondent in Woodford v. Ngo, *supra*, made the argument that the PLRA 1997(a)(e) is analogous to §14(b) of the ADEA in its exhaustion requirement scheme. The Supreme Court's discussion of 29 U.S.C. § 633(b) and §14(b) of the ADEA is intended to distinguish them from the Prison Litigation Reform Act, which does involve the exhaustion of administrative remedies. See 126 S.Ct. at 2390. Though the court cites Oscar Mayer & Co. v. Evans, 441 U.S. 750 (1979) in Woodford v. Ngo, *supra*, it adds to the previous holding in its discussion of §14(b) of the ADEA.

The Opinion p. 6, it states that "Schuler's failure to file a charge with the DCOHR, regardless of his filing with the NYDHR, resulted in failure to exhaust his administrative remedies." The opinion of the Court in Woodford v. Ngo, *supra*, stating that exhaustion of administrative remedies is not a requirement clarifies previous law. 126 S.Ct. at 2390.

II. **BOTH EXHAUSTION of STATE REMEDIES and TIMELINESS of FILING in PLAINTIFF'S MOTION to ALTER or AMEND were ADDRESSED in this COURT'S OPINION.**

The Defendant is incorrect in contending that Plaintiff's motion to alter or amend "misstates the decision, asserting incorrectly that this Court dismissed his claim because 'his filing with the state agency was untimely.'" (Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Alter or Amend p. 2.) This Court's Opinion and Order were based upon the view that exhaustion of administrative remedies and timeliness were a jurisdictional perquisite to suit. (Opinion at 5-6.) The Supreme Court ruled in Woodford v. Ngo, *supra*, that there is no requirement to exhaust administrative remedies and that the state filing need not be timely.

Page 5 of the Opinion cites <u>Washington v. Wash. Metro Area Transit Auth</u>., 160 F.3d 750, 752 (D.C. Cir. 1998) which stated "that statute requires aggrieved parties to exhaust their administrative remedies *before* filing suit in federal court." However, to the extent that a case against a unique multistate organization created by Congress suggests that proposition, it has been superseded by the controlling law set forth in <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2390 (2006).

### III.     **PLAINTIFF PROPERLY FILED in a DEFERRAL STATE.**

Plaintiff filed in New York with the NYDHR and the EEOC where the Defendant's headquarters is located. Plaintiff filed with this court on December 8, 2005 well beyond the sixty day waiting period as required by 29 U.S.C. §633(b). <u>Rendon v. District of Columbia</u>, WL 15446 (D.D.C. Nov, 19 1986) is cited in the Opinion on page 6 as the basis for Schuler's requirement to file with the DCOHR. However, the <u>Rendon</u> plaintiff was a former District of Columbia employee suing a District of Columbia agency, therefore she was required to file with the DCOHR.

Schuler's employer is a private company whose headquarters is located in New York, New York not in the District of Columbia. 29 CFR § 1626.5 states that a complaint or charge of age discrimination may be submitted to any office of the EEOC and 29 CFR § 1610.4 lists the New York, New York where the charge was properly filed by the Plaintiff. Defendant also fails to acknowledge that the Plaintiff served PwC directly with the charge and that the Plaintiff requested that his NYDHR claim be cross-filed with the DCOHR on February 22, 2005. (Plaintiff's Memorandum or Points and Authorities in Support of Plaintiff's Motion to Alter and Amend p. 2.) PwC was not harmed by any failure to file with DCOHR and any failure to act by the EEOC should not bar his claim.

**Conclusion**

For the reasons stated above and in the Memorandum in Support of Plaintiff's motion the court should grant Plaintiff's Motion to Alter or Amend and vacate the Order of Judgment for the Defendant.

Respectfully submitted,

/s/ David L. Rose
David L. Rose, Esq., #376379
Rose & Rose, PC
1320 19th Street, NW, Suite 601
Washington, DC 20036
(202) 331-8555
Attorney for the Plaintiff Schuler