UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. SCHULER, <br><br> Plaintiff, <br><br> On Behalf of Himself and Other Similarly Situated Older Employees <br><br> v. <br><br> PRICEWATERHOUSECOOPERS, LLP, <br><br> Defendant. | Civil Case No. 05cv2355 (RJL) (DAR) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A SCHEDULING CONFERENCE AND A SCHEDULING ORDER**

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this memorandum in opposition to plaintiff's motion, purportedly pursuant to Fed.R.Civ.P. 16 and LCvR 16.3 and 16.4, for a scheduling conference and order. PwC opposes plaintiff's motion to the extent it seeks an initial scheduling conference contemplated by Rule 26(f), as if this action had only recently been commenced.

Plaintiff's motion is predicated on the false assertion that "[t]here has been no discovery in this case and effectively no schedule . . ." (Pl. Mem. at 1). In point of fact, there has been extensive discovery in this case pursuant to a Scheduling Order of this Court entered January 9, 2006 (the "Scheduling Order"), one month after the commencement of this action on December 8, 2005, and subsequent extensions of the fact discovery deadline prior to the dismissal of this action some nine months later on September 29, 2006 (see Docket No. 15). The Scheduling

Order, which approved a Joint Proposed Scheduling Order filed by plaintiff on December 16, 2005 (Docket No. 4), provides as follows (Minute Order entered 01/09/2006):

> MINUTE ORDER approving [4] Joint Proposed SCHEDULING ORDER. It is hereby ORDERED that all factual discovery taken and to be taken in Civil Action Nos. 02-982, 05-1054, and 05-2355 shall be deemed applicable to each of the other cases, as if taken therein; it is further ORDERED that all discovery and protective orders entered and to be entered in each of the aforementioned cases shall be deemed applicable to each of the other cases, as if entered therein; it is further ORDERED that factual discovery shall commence as of 12/8/2005, without bifurcation between liability and damages, and shall be completed within 210 days thereafter, it is further ORDERED that dispositive motions shall be filed no later than 30 days after the close of factual discovery, with oppositions due 30 days thereafter, and replies due 30 days thereafter; it is further ORDERED that the parties shall, no later than 7/20/2006, file with the Court a supplemental joint status report; and it is further ORDERED that the parties shall appear for a Status Conference with the Court on 7/27/2006 at 3:00 PM in Courtroom 7. Signed by Judge Richard J. Leon on 1/9/06. (lcrjl2) (Entered: 01/09/2006)

Discovery in this and the two related cases was thereafter conducted on a consolidated basis in accordance with the provision in the Scheduling Order "that all discovery taken and to be taken in Civil Action Nos. 02-982, 05-1054, and 05-2355 shall be deemed applicable to each of the other cases, as if taken therein." This discovery included extensive document requests and interrogatories served by plaintiff Schuler in December 2005, and a Motion to Compel Discovery Responses decided by Magistrate Judge Robinson (see Docket No. 14 and Minute Entry dated 05/16/2006). The motion to compel, which was filed on March 15, 2006 by plaintiff Schuler's co-plaintiff (C. Westbrook Murphy) in Civil Action No. 02-982 ("Case 1") (see Docket No. 134), was applicable to this action under the provision in the Scheduling Order "that all discovery and protective orders entered and to be entered in each of the aforementioned cases shall be deemed applicable to each of the other cases, as if entered therein."

2

Plaintiff Schuler's counsel appended a statement to that discovery motion stating that "Plaintiffs Murphy and Schuler are sharing discovery in these three cases, as recognized by the Scheduling Order entered in the three cases" (Case 1, Docket No. 134 at 33). Further, specifically referencing the discovery requests that had been served by plaintiff Schuler in this case, his counsel "join[ed] in and endors[ed] plaintiff Murphy's motion to compel" (Case 1, Docket No. 134 at 33). Thereafter, on September 12, 2006, all parties, including plaintiff Schuler, filed a Joint Motion for an Extension of Time to Complete Discovery under the captions of all three related cases, including this case, noting that written discovery had been completed on that date and requesting an extension to November 1, 2006 to allow for the completion of depositions (see Case 1, Docket No. 154). Finally, by Order entered June 22, 2007, Magistrate Judge Robinson denied a subsequent motion to compel additional discovery filed by plaintiff Schuler, ruling that any such motion should have been filed, if at all, by May 2006, when discovery in this case was active, and imposing sanctions against plaintiff Schuler for failing to so move on a timely basis (see Case 1, Docket No. 180).

Accordingly, when this case was dismissed on September 29, 2006, all fact discovery, except certain depositions, had been completed in all three related cases. In addition to the extensive discovery taken by plaintiff Schuler in this case during the period December 2005 through September 29, 2006, plaintiff Schuler had completed discovery in Case 1 on virtually identical "pattern or practice" claims as alleged in this case, and had moved for summary judgment on those claims (see Case 1, Docket No. 59). As provided in the Scheduling Order, that discovery is deemed applicable to this case, as if taken herein.

In sum, given the advanced state of discovery taken pursuant to the Scheduling Order entered in this case in January 2006, pursuant to Rules 16(b) and 26(f), Fed.R.Civ.P, plaintiff

Schuler's motion for a scheduling conference pursuant to Rule 16, Fed.R.Civ.P, and LCvR 16.3 and 16.4, is inappropriate. Those Rules contemplate a scheduling conference at the outset of the litigation (see Rule 16(b), Fed.R.Civ.P) (providing that a scheduling order shall issue "as soon as practicable but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared").

The undersigned counsel for PwC advised plaintiff Schuler's counsel of these points both by telephone and by e-mail prior to the filing of this motion. PwC's counsel otherwise communicated a willingness and availability to discuss further proceedings in this case in light of the remand from the Court of Appeals (see attached e-mail dated July 2, 2008 from Eric Nelson to David Rose). In the meantime, both parties are endeavoring to complete discovery that had been suspended by the September 29, 2006 dismissal of the case to the recent remand from the Court of Appeals.

For the foregoing reasons, plaintiff's motion for an initial scheduling conference, pursuant to Fed.R.Civ.P. 16 and LCvR 16.3 and 16.4, should be denied. PwC submits that the appropriate procedure at this juncture would be for the parties to confer with a view towards reaching agreement on the terms of a joint proposed Order governing further proceedings in this case. PwC has no objection to a status conference at the discretion and convenience of the Court at any time.

Dated: July 21, 2008

Respectfully submitted,

/s/ Eric M. Nelson
Eric M. Nelson, Esq. (admitted *pro hac vice*)
Stephen L. Sheinfeld, Esq. (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
Facsimile: (212) 294-4700

Thomas M. Buchanan (#337907)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20036
(202) 282-5000
Facsimile: (202) 282-5100

Counsel for Defendant
PricewaterhouseCoopers LLP