# WINSTON & STRAWN LLP

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

25, AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

ERIC M. NELSON
(212) 294-2646
emnelson@winston.com

August 21, 2008

**VIA ELECTRONIC MAIL**
David L. Rose, Esq.
Rose & Rose, P.C.
1320 19th Street, NW
Suite 601
Washington, D.C. 20036

Re:   **Schuler v. PricewaterhouseCoopers LLP, No. 05-cv-02355**

Dear David:

     As I made clear to you in our telephone conversation concerning your letter of August 20, 2008, your resurrected insistence on an LCvR 16.3 conference is in contravention of Judge Leon's August 11, 2008 Minute Order denying plaintiff's motion for an LCvR 16.3 conference. Lest you have any doubt about that, I suggest you re-read plaintiff's motion and PwC's opposition thereto, along with the Minute Order denying the motion. Among other things, as recited in the Proposed Scheduling Order you yourself filed in this action on December 16, 2005, the parties conferred at the inception of the action pursuant to LCvR 16.3. That initial Scheduling Order, which was filed pursuant to LCvR 16.3(d) and was thereafter approved by Judge Leon's Minute Order entered in this action January 9, 2006, expressly referenced the parties' conferences and written reports pursuant to LCvR 16.3, as well as the Fed.R.Civ.P. 16(b) conferences held by the Court.

     Under the circumstances, we intend to file the Proposed Scheduling Order I e-mailed to you on August 19, 2008, noting your objection that it does not address the 14 matters listed in LCvR 16.3. In the meantime, although you fail to identify any specific LCvR 16.3(c) matters that were not previously addressed, or that should be readdressed at this time, I am available to discuss any such matters with you, but not in the context of compliance with Judge Leon's recent Minute Order. Judge Tatel's decision on the pleadings has absolutely no bearing on discovery in this case. That decision presumably construed plaintiff's complaint as you intended it to be

WINSTON & STRAWN LLP

David L. Rose, Esq.
August 21, 2008
Page 2

construed from the inception of this action, and on the basis of which plaintiff took discovery in the ten months preceding its dismissal on September 29, 2006.

Please note that PwC reserves its rights to seek sanctions pursuant to Fed.R.Civ.P. 16(f)(1)(C) and the inherent power of the Court to enforce compliance with and respect for its Orders. PwC continues to be upset by your conduct, which has improperly and unnecessarily multiplied legal expenses in this litigation. Judge Leon's Minute Order, which you now see fit to contravene, denied a motion premised on your blatant misrepresentation to the Court that "[t]here has been no discovery in this case and effectively no schedule." This is a continuation of a pattern of noncompliance with the orders and rules of the Court in this litigation that has already resulted in the imposition of a substantial monetary sanction by Magistrate Judge Robinson and must stop.

Very truly yours,

Eric M. Nelson