UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. SCHULER )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>On Behalf of Himself and Other Similarly Situated )<br>Older Employees )<br>) <br>) <br>)<br>v. )<br>)<br>PRICEWATERHOUSECOOPERS, LLP, )<br>)<br>Defendant. )<br>) | Civil Case No. 05 cv2355 (RJL) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF PROPOSED
SCHEDULING ORDER**

Plaintiff Harold Schuler ("Plaintiff"), by and through undersigned counsel, submits the following response to Defendant's Proposed Scheduling Order, and states as follows:

1. This Court's August 11, 2008 Minute Order instructed the parties to "confer and submit a joint proposed scheduling order to govern further proceedings in this case[.]" Counsel for the respective parties have engaged in meet and confer sessions, but have been unable to agree on a proposed scheduling order.

2. Plaintiff agrees with the dates set forth in Defendant's proposed scheduling order, namely October 15, 2008 for the close of discovery, and December 1, 2008 as the deadline for filing any motion for summary judgment. In that proposed schedule, however, Defendant fails to take into consideration the nature of this "pattern or practice" case, as well as the requirements of Local Rule 16.3 and rights conferred under 29 U.S.C. 626(b) and 616(b) to "opt-in" to this case.

3. Plaintiffs in *Murphy and Schuler v. PwC*, Case No. 02-0982 alleged that Defendant

discriminated against them by denying them admission to partnership due to Defendant's mandatory retirement policy for partners at age 60. In this case, Plaintiff alleges a "pattern or practice" of discrimination by Defendant against himself and similarly situated employees at PwC. Plaintiff believes that the Rule 16 scheduling order should take into account this distinction.

4. Local Rule 16.3(c) lists 14 factors the parties must confer to discuss. Many of these factors are the same in both this case and Plaintiff's 2002 case, but other factors are different owing to the "pattern or practice" nature of Plaintiff's claim:

(1) Plaintiff believes that this case may not be determined by dispositive motion.

(2) PwC employees who are "similarly situated" to Schuler have a right to "opt-in" into this case under ADEA to 29 U.S.C. § 626(b) and 29 U.S.C. 216(b) so that no motion to intervene is necessary or appropriate under Rules 19-22 and 24 Fed R. Civ. P. Plaintiff sees no reason to limit that right to opt-in at this time. Plaintiffs do not seek any amendment to the Amended Complaint.

(3) This case should not be assigned to a magistrate judge.

(4) Plaintiff does not expect the parties to settle this case until the Court denies the expected motion by Defendant for summary judgment.

(5) This case would not benefit from this Court's ADR procedures at this stage in the litigation.

(6) This case may be resolved by summary judgment, after such motions have resulted in an Order of this Court. Plaintiff agrees with the date for dispositive motions set out in Defendant's Proposed Scheduling Order, namely December 1, 2008.

(7) The parties stipulate to dispense with the initial disclosures required by Rule

26(a)(1).

(8) Plaintiff agrees with the deadline for discovery in Defendant's Proposed Scheduling Order. The Protective Order in the 2002 case should be amended to apply in this case or a similar Order should be proposed by the parties and approved.

(9) Plaintiff will use Dr. Lance Seberhagen as an expert in this case as well as in the 2002 case. By October 11, 2008, Defendant should disclose any expert other than its experts in the 2002 case by October 1, 2008.

(10) This factor pertaining to Rule 23, Fed. R. Civ. P. is not applicable in this case.

(11) Trial should not be bifurcated in this case, and the trial should involve both Schuler's claims of liability and his claims for lost income and damages under federal and state law.

(12) A pretrial conference should be held 30 days before trial.

(13) The Court should set a firm trial date as soon as is feasible.

(14) Plaintiff does not believe any other matter is appropriate for inclusion in the scheduling order.

        Respectfully submitted,

        /s/ David L. Rose

        _____

        David L. Rose
        Yuval Rubinstein
        ROSE & ROSE, P.C.
        1320 19th Street, N.W., Suite 601
        Washington, D.C.  20036
        Tel: (202) 331-8555
        Fax: (202) 331-0996
        daver@roselawyers.com

        Attorneys for Plaintiff

August 25, 2008